# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID RUDOVSKY and LEONARD SOSNOV, | : CIVIL ACTION – : JURY TRIAL DEMANDED |
| Plaintiffs, | : |
| v. | : NO. 09-CV-727 |
| WEST PUBLISHING CORPORATION, WEST SERVICES INC., AND THOMSON LEGAL AND REGULATORY INC. t/a THOMSON WEST, | : : : : |
| Defendants. | : |

## PLAINTIFFS' EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS FOR PRELIMINARY INJUNCTION HEARING

A Preliminary Injunction Hearing is presently scheduled in this matter for Thursday, April 14 at 1:45 p.m.

Shortly after this Court set a date for hearing on Plaintiffs' Motion for Preliminary Injunction (the date was originally set for April 9), counsel for Plaintiffs communicated with counsel for Defendants concerning preparation and cooperation in connection with the hearing. It was agreed that the parties would put their request to each other for documents in writing. Accordingly, on March 27, 2009, Plaintiffs made a short document request to Defendants by letter. A copy of the March 27, 2009 letter is attached hereto as Exhibit A. The letter was sent by fax as well as first class mail.

1

Since March 27, Plaintiffs have repeatedly requested of Defendants whether Defendants will produce the documents. Defendants have not responded. On March 31, Plaintiffs asked Defendants to inform them by no later than April 2 whether Defendants would produce the requested documents. Defendants continued to refuse to inform Plaintiffs whether Defendants will produce the documents. Plaintiffs also suggested that the parties set a time to talk about stipulations, witnesses and exchange of documents which the parties intend to use at the hearing. Defendants have not responded to this, either.

Plaintiffs' document requests are limited; they are for the purpose of obtaining basic information for the preliminary injunction hearing and for expediting the hearing. Plaintiffs have made four requests for production of documents, as follows:

1. List of subscribers to the Treatise. This information is necessary to show the extent to which the subscribers are organizations with a number of members who use the Treatise, such as defender associations, district attorneys' offices, law schools, law firms, prisons, etc. This, in turn, is relevant in assessing whether people who use the Treatise saw the March, 2009 letter by West to subscribers. The list may also be relevant to issues concerning relief.

2. List of addressees for the March, 2009 letter by West. This information is necessary in order to know whether all subscribers received the March, 2009 letter and are likely to receive any subsequent letter, and whether the person receiving the letter is an attorney (and therefore likely a user) or a non-attorney (and therefore not likely to be a user).

3. Manuscripts or other documents showing the changes from the 2007-08 Pocket Part to the 2009-2009 Pocket Part. These documents are important to show the extent to which there were changes, or not, to the 2007-2008 Pocket Part contained in the 2008-2009

Pocket Part. This issue is the heart of the case, and these documents are the best evidence. These documents may well contain other relevant information.

        4.      All written agreements between any West entity, on the one hand, and Rudovsky and Sosnov, on the other, and all documents referencing or concerning these agreements. The relationship between the West entities and Rudovsky and Sosnov goes back to the 1980's. Plaintiffs want to be sure they have all written agreements, as well as documents concerning these agreements which may bear on the interpretation of the agreements or contain other relevant information.

In their March 27, 2009 letter requesting these documents, Plaintiffs offered to enter into a confidentiality agreement with respect to the first and second requests, without prejudice to their right to seek permission of the Court to use the documents at the hearing or otherwise in the case.

Plaintiffs believe that these document requests are modest in scope and in the number of documents they describe, and consistent with the limited time period for preparation for the preliminary injunction hearing. Plaintiffs also believe that production of these documents before the hearing will expedite the hearing.

Plaintiffs ask this Court to enter an order directing that Defendants produce these documents on or before April 9, 2009, which is three working days before the hearing date and also the date on which the preliminary injunction hearing was originally scheduled.

s/Richard L. Bazelon<br>
Richard L. Bazelon, Esquire (I.D. No. 02505)<br>
Noah H. Charlson, Esquire (I.D. No. 89210)<br>
Michael F. Harris, Esquire (I.D. No. 56948)<br>
Matthew R. Skolnik, Esquire (I.D. No. 89423)<br>
BAZELON LESS & FELDMAN, P.C.<br>
1515 Market Street, Suite 700<br>
Philadelphia, PA 19102<br>
(215) 568-1155<br>
Email: rbazelon@bazless.com<br>
<br>
Attorneys for Plaintiffs,<br>
David Rudovsky and Leonard Sosnov

Dated: April 3, 2009

EXHIBIT "A"

# BLF  Bazelon Less & Feldman, P.C.

1515 Market Street  Suite 700  Philadelphia  Pennsylvania 19102-1907  215.568.1155  215.568.9319 fax  www.bazless.com

Richard L. Bazelon
Jeffrey A. Less
A. Richard Feldman
Jerilyn G. Marston
Thomas Patrick Kelly
Jennifer F. Hoagland
Helen K. Jeffers
Paul B. Bech
Noah H. Charlson
Lisa A. Barton
L. McCord Clayton

Michael A. Shapiro
Matthew Skolnik
Christina M. Rogers
Cory Ioshin

Diane R. Bech
Michael L.R. Harris
Steven Kudatzky
Of Counsel

Admitted in PA
Admitted in NJ
Admitted in NY
Admitted in DC

New Jersey Office
6000 Sagemore Drive
Suite 6401
Marlton
New Jersey 08053-3944
856.988.1319
856.988.0194 fax

March 27, 2009

**Richard L. Bazelon**
rbazelon@bazless.com

*Direct Dial: (215) 609-3141*
*Direct Fax: (215) 609-3211*

## VIA FACSIMILE AND FIRST CLASS MAIL

Matthew J. Borger, Esquire
Klehr, Harrison, Harvey, Branzburg
 & Ellers LLP
260 South Broad Street
Philadelphia, PA 19102

Re:  **Rudovsky, et al., v. West Publishing Corporation, et al.**
      **Our File No.: 3977/1**

Dear Matt:

When we spoke this morning, I suggested that the parties cooperate in advance of the hearing with respect to production of documents. You suggested that request by both sides be put in writing, and I agreed that this was a good idea.

The document requests which I presently have in mind are the following:

(1)  List of subscribers to the Treatise.

(2)  List of addressees for the March, 2009 letter sent by West.

(3)  Manuscripts or other documents showing the changes from the 2007-2008 Pocket Part to the 2008-2009 Pocket Part.

(4)  All written agreements between any West entity, on the one hand, and Rudovsky and Sosnov on the other, and all documents referencing or concerning these written agreements.

In connection with these documents, and particularly the documents referenced in paragraphs 1 and 2, plaintiffs are willing to enter into a reasonable confidentiality agreement without prejudice to their right to seek permission of the Court to use the documents at the hearing or otherwise in this case.

Thank you for your consideration of these requests.

Sincerely,

*Richard L. Bazelon*
Richard L. Bazelon

# CERTIFICATE OF SERVICE

I, Richard L. Bazelon hereby certify that I have made service on Defendants of Plaintiff's Preliminary Motion to Compel Production of Documents for Preliminary Injunction Hearing, Memorandum in Support of Plaintiff's Motion to Compel Production of Documents for Preliminary Injunction Hearing and Proposed Order through the Court's electronic filing system.

s/Richard L. Bazelon
Richard L. Bazelon

Date: April 3, 2009