# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID RUDOVSKY and LEONARD SOSNOV,<br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>WEST PUBLISHING CORPORATION, WEST SERVICES INC., AND THOMSON LEGAL AND REGULATORY INC. t/a THOMSON WEST,<br>　　　　　　Defendants. | :<br>: CIVIL ACTION<br>:<br>:<br>: NO. 09-CV-727<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **ORDER**

AND NOW, this ___ day of April, 2009, upon consideration of the plaintiffs' Motion to Compel Production of Documents For Preliminary Injunction Hearing, the parties' submissions in support thereof and in opposition thereto, all prior pleadings and proceedings had herein, IT IS HEREBY ORDERED that the parties will produce:

(1) all copies of any agreements between the parties addressing the work at issue, "West's Pennsylvania Practice Series, Criminal Procedure," including any supplements or pocket parts thereto;

AND, IT IS HEREBY FURTHER ORDERED that the Motion is DENIED in all other respects.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　John P. Fullam, J.

767116_3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| DAVID RUDOVSKY and <br> LEONARD SOSNOV, <br>     Plaintiffs, <br><br> v. <br><br> WEST PUBLISHING CORPORATION, <br> WEST SERVICES INC., AND <br> THOMSON LEGAL AND REGULATORY <br> INC. t/a THOMSON WEST, <br>     Defendants. | CIVIL ACTION <br><br> NO. 09-CV-727 |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO COMPEL DOCUMENT PRODUCTION FOR PRELIMINARY INJUNCTION HEARING

Defendants West Publishing Corporation, West Services Inc., and Thomson Reuters (Legal) Inc. (formerly known as Thomson Legal and Regulatory Inc.) d/b/a Thomson West (together "West"), by and through their undersigned attorneys, oppose plaintiffs' "emergency" motion to compel production of documents since there are no extraordinary circumstances that warrant plaintiffs' request for the broad discovery that plaintiffs demand be produced in just three days – by Thursday, April 9, 2009. See Plaintiffs' April 3, 2009 Memo of Law ("Pls.' Mem."), p. 4.

First, plaintiffs' memorandum of law cites no legal authority whatsoever in support of their request for expedited discovery. See Pls.' Mem., p. 1-5. Plaintiffs' failure to cite any law in support of their motion is not surprising, however, given that courts in this district "will not order time-consuming discovery before the period prescribed in Rule 26(d)" absent special circumstances. Philadelphia Newspapers v. Gannett Satellite Info. Networks, 1998 WL 404820, at *3 (E.D. Pa. July 15, 1998). Here, there are no special circumstances.

1

It should be noted that plaintiffs are the ones who demanded an immediate hearing on their preliminary injunction motion and refused to agree to any adjournments. Also, plaintiffs attempted to move the hearing up so that defendants would not have time to: (i) answer the complaint (the parties had stipulated to April 22), or (ii) raise with the Court plaintiffs' serious misrepresentations about the nature of the parties' relationship, i.e., that plaintiffs failed to disclose to the Court that they signed a <u>written publishing agreement</u> dated August 22, 2000 (the "Agreement") governing the work at issue: "West's Pennsylvania Practice Series, Criminal Procedure" (the "Work"). (The "Agreement" is annexed hereto as Exhibit A). As is set forth defendants' Motion to Dismiss filed last week, the Agreement: (i) gave West express permission to use plaintiffs' names in connection with the Work, including the pocket part thereby immunizing West from all of plaintiffs' claims, which rely upon the alleged wrongful use of plaintiffs' names in connection with the Work; and (ii) required plaintiffs to bring their claims in Minnesota. <u>See</u>, <u>e.g.</u>, Agmt., §§ 3(A)(2), 7(4), 11(B). Naturally, plaintiffs are attempting to manufacture some "emergency" so that the parties and the Court will be distracted by discovery rather than focusing on the Motion to Dismiss the Amended Complaint.

Second, when determining the "reasonableness" of plaintiffs' request for expedited discovery:

> a district court should decide a motion for expedited discovery "**on the entirety of the record to date** and the reasonableness of the request in light of all of the surrounding circumstances," . . . Whether or not a preliminary injunction hearing is pending, then, has become one factor to be evaluated among many, rather than an outcome determinative fact.

<u>Entertainment Tech. Corp. v. Walt Disney Imagineering</u>, 2003 WL 22519440, at * 4 (E.D. Pa. Oct. 2, 2003) (emphasis added).

Here, "the entirety of the record to date" includes the parties' Agreement and West's Motion to Dismiss the Amended Complaint, which demonstrates that plaintiffs' claims are not viable. Specifically, all of plaintiffs' claims (six tort causes of action) rely upon the <u>alleged wrongful use of plaintiffs' names</u> in connection with the publication and advertising of the Work: four statutory and common law claims for false endorsement and name misappropriation (Counts II, III, V and VI), one false advertising claim (Count I), and one defamation claim (Count IV). See Am. Compl. ¶¶ 59-107 & Ex. A thereto. Yet, under the Agreement, plaintiffs gave West the express <u>written</u> <u>authority</u> "to use Authors' names in connection with the Work and upkeep of the Work" – ***even if* the plaintiffs do not participate in the upkeep and another person prepares it**. Agmt., §§ 3(A)(2). Moreover, plaintiffs gave West the right to "[u]se, and license others to use, Author's names and likenesses, and summaries of Authors' backgrounds and professional qualifications as part of the Work, <u>including revisions and new editions, as Publisher sees fit</u>" and to use plaintiffs' names "<u>generally</u> in connection with the <u>advertising and promotion</u> of the Work." Agmt., § 7(4) (emphasis added). In addition, plaintiffs' claims are improperly raised in Pennsylvania because the Agreement sets venue in Minnesota pursuant to a mandatory venue clause covering any legal action arising under the Agreement. Agmt., § 11(B). Accordingly, West should not be burdened with time-consuming discovery before the hearing, especially given unreasonableness of plaintiffs' request in light of the Agreement and West's pending Motion to Dismiss. <u>Entertainment Tech.</u>, <u>supra</u>.

Third, plaintiffs' four requests are not "limited and relevant" (Pls.' Mem. p. 4) as plaintiffs suggest. To the contrary, plaintiffs seek documents on an expedited basis that have **no bearing** on the alleged wrongful <u>use of plaintiffs' names</u> in connection with the publication and advertising of the Work. See Pls.' Emergency Motion ("Mot."), Ex. A, #1-4. Plaintiffs seek lists

3

of subscribers (Request No. 1); lists of addresses for a March 2009 letter that West sent to subscribers (Request No. 2); all documents showing changes to the Work (Request No. 3); and all agreements between plaintiffs and defendants for this Work <u>and other works</u> published by West, and "all documents referencing or concerning these written agreements" (Request No. 4). Other than that portion of Request No. 4 seeking the copies of agreements themselves <u>addressing this Work</u> (which defendants will produce), none of these requests relate to the alleged wrongful <u>use of plaintiffs' names</u> in connection with the publication and advertising of the Work. Accordingly, the Court should deny plaintiffs' other requests as overly broad at this juncture. <u>Entertainment Tech.</u>; <u>Philadelphia Newspapers</u>, <u>supra</u>.

Indeed, as the district court found problematic in <u>Philadelphia Newspapers</u>, plaintiffs' Requests Nos. 3 and 4 here particularly lack "definitive limitations on the scope of the sought-after discovery" necessary to obtain such disclosure at this juncture, <u>Philadelphia Newspapers</u>, 1998 WL 404820, at *3, specifically:

> **Request No. 3.** Plaintiffs demand all "<u>manuscripts or other documents showing changes</u> from the 2007-2008 Pocket Part to the 2008-2009 Pocket Part." Pls.' Mot. Ex. A, #3 (emphasis added).

Plaintiffs' assert that they need this information to "show the extent of the inadequacy of the purported '2008-2009 Pocket Part.'" Pls.' Mem, p. 3. This request, however, is both: (a) extremely overbroad (since it has no scope limitation and would include all notes, emails, memos, drafts, etc. "showing changes"), (b) is burdensome, and (c) is unrealistic to be completed by April 9 as plaintiffs demand (or prior to the April 14 hearing) given the overly broad scope of the request and that some West employees will undoubtedly be unavailable given the upcoming Passover and Easter holidays. More importantly, <u>plaintiffs already possess</u> the 2007-2008 Pocket Part and the 2008-2009 Pocket Part, and <u>have made extensive comparisons</u> of the two pocket parts (Am. Compl. ¶¶ 26-28); thus, plaintiffs do not need any of the documents

4

767116_3

requested in No. 3 to make comparisons or show the alleged "inadequacy of the purported 2008-2009 Pocket Part" as they disingenuously contend. Pls.' Mem. p. 3.

> **Request No. 4.** Plaintiffs demand all "written agreements between any West entity, on the one hand, and Rudovsky and Sosnov, on the other, <u>and all documents referencing or concerning these written agreements</u>." Pls.' Mot. Ex. A, #4 (emphasis added).

As previously mentioned, documents concerning other agreements for other works (rather than the Work at issue in the complaint) are irrelevant, and "<u>all documents referencing or concerning these written agreements</u>" is certainly over-broad (as it would include all notes, emails, memos and drafts). Plaintiffs simply have not provided the "definitive limitation" on this request necessary to obtain these documents at this juncture. Philadelphia Newspapers, 1998 WL 404820, at *3.

> **Request Nos. 1 & 2.** Plaintiffs demand the "List of subscribers to the Treatise" and "List of addresses for the March, 2009 letter sent by West."

Plaintiffs claim that they need this information in order to assess how many subscribers to the Work are organizations versus individual practitioners so that plaintiffs can fashion a remedy. Pls.' Mot. p. 2; Pls.' Mem. p. 3. Yet, plaintiffs' rationale is spurious given that: (i) West has already acknowledged that it is sending out a new pocket part on or about April 15, 2009 that will be placed in each treatise, and (ii) such pocket part obviates the need for a "remedial" sticker or other notification that plaintiffs seek. Pls.' Mem. p. 3.

Finally, plaintiffs' assertion that "Defendants have not responded" to plaintiffs' requests for production since March 27 (Pls.' Mot. at 2) is simply untrue. See the written correspondence between counsel annexed hereto as Exhibit B. Indeed, it is surprising that plaintiffs claim that West is "stonewalling" (Pls.' Mem. at 4) when it is the plaintiffs who have refused to answer several key issues that should be resolved before any injunctive relief hearing, such as plaintiffs' knowledge of the existence of the Agreement that governs plaintiffs' claims in

767116_3

this case and the forthcoming corrected affidavit by plaintiff Rudovsky that plaintiffs' counsel represented it intends to file to correct plaintiffs' prior misstatements. <u>See</u> Ex. B (emails between counsel).

WHEREFORE, for all of the above reasons, West respectfully requests that plaintiffs' emergency motion to compel production of documents be denied as set forth in West's proposed Order.

Dated: April 6, 2009

Respectfully submitted,

 /s/ James F. Rittinger
James F. Rittinger, Esquire (adm. *pro hac vice*)
Aaron M. Zeisler, Esq. (adm. *pro hac vice*)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, NY 10169-0079
(212) 818-9200
Email: jrittinger@ssbb.com
        azeisler@ssbb.com

 /s/ Matthew J. Borger
Matthew J. Borger, Esquire
KLEHR, HARRISON, HARVEY, BRANZBURG
 & ELLERS LLP
260 South Broad Street
Philadelphia, PA 19102-5003
(215) 568-6060
Email: mborger@klehr.com

*Attorney for the Defendants*

**CERTIFICATE OF SERVICE**

I, Matthew J. Borger, hereby certify that Defendants' Opposition to Plaintiffs' Emergency Motion to Compel Document Production and proposed Order has been filed electronically and is available for viewing and downloading from the Court's ECF system. I further certify that on this date I served the foregoing upon counsel listed below via email and first class mail as follows:

    Richard L. Bazelon
    Noah H. Charlson
    BAZELON LESS & FELDMAN, P.C.
    1515 Market Street, Suite 700
    Philadelphia, PA 19102-1907
    215-568-1155

        /s/ Matthew J. Borger____
        Matthew J. Borger, Esquire

7

767116_3