| | |
|---|---|
| BAZELON LESS & FELDMAN, P.C. | Attorneys for Plaintiffs |
| By:   Richard L. Bazelon | |
|       PA Attorney I.D. No. 02505 | |
|       Noah H. Charlson | |
|       PA Attorney I.D. No. 89210 | |
|       Matthew R. Skolnik | |
|       PA Attorney I.D. No. 89423 | |
| 1515 Market Street, Suite 700 | |
| Philadelphia, PA 19102 | |
| (215) 568-1155 | |
| Email: rbazelon@bazless.com | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID RUDOVSKY and : | CIVIL ACTION – |
| LEONARD SOSNOV, : | JURY TRIAL DEMANDED |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | NO. 09-CV-727: |
| : | |
| WEST PUBLISHING CORPORATION, : | |
| WEST SERVICES INC., AND : | |
| THOMSON LEGAL AND REGULATORY : | |
| INC. t/a THOMSON WEST : | |
| : | |
| Defendant. : | |

## AMENDED DECLARATION OF DAVID RUDOVSKY

David Rudovsky, being duly sworn, deposes and says:

1. I am a lawyer admitted to practice in the Commonwealth of Pennsylvania and in the federal courts of the Third Circuit and the United States Supreme Court.

2. I attach and incorporate by reference my professional resume. See Exhibit 1.

3. I have practiced law for over 40 years in Pennsylvania and have specialized in criminal defense, civil rights, and civil liberties litigation.

4. For the past 20 years, in addition to my practice at Kairys, Rudovsky, Messing & Feinberg, LLP, I have been Senior Fellow at the University of Pennsylvania Law School where I teach courses in Criminal Law, Constitutional Criminal Procedure, and Evidence.

5. I am currently the President of the Board of Directors of the Defender Association of Philadelphia and Vice-President of the Pennsylvania Innocence Project.

6. I have written scholarly and practice oriented books and articles on criminal procedure, civil rights and liberties, and litigation.

7. In 1987, I, along with Leonard Sosnov, ("Authors") contracted with West Publishing Company ("West") to publish a book on Pennsylvania criminal procedure. A copy of the July 31, 1987 agreement with West Publishing Company is attached hereto as Exhibit 2. That book, or treatise, "PENNSYLVANIA CRIMINAL PROCEDURE: Law, Commentary and Forms," is part of a West Pennsylvania "practice" series. Following the publication of this book, the Authors undertook the preparation of annual pocket parts to provide the subscribers with updates to the text. The Authors prepared pocket parts for every year through 2007, with the exception of 2001, when we wrote and published a second edition of the treatise. The treatise and the pocket parts prepared by the Authors are hereinafter referred to collectively as "the Treatise."

8. In 2000, Authors entered into a written agreement with West Group. A copy of the Agreement is attached hereto as Exhibit 3. In 2007, Authors entered into a written agreement with West Services Inc. A copy of that Agreement is attached hereto as Exhibit 4.

9. Criminal procedure is a particularly dynamic area in Pennsylvania law with major developments every year. Accordingly, in order to prepare the annual pocket parts, the Authors would read every reported case decided by the appellate courts in Pennsylvania that concerned Pennsylvania criminal procedure. In addition, we would read all U.S. Supreme Court cases on

constitutional criminal procedure, and selected cases from the lower federal courts that were relevant to issues addressed in the Treatise. Further, we tracked all changes of rules to the Pennsylvania Rules of Criminal Procedure, Pennsylvania Rules of Appellate Procedure, and Pennsylvania Rules of Juvenile Court Procedure that were relevant to the Treatise, as well as pertinent statutory developments.

10. For each pocket part, the Authors added approximately 100-150 new case citations and all new relevant rule changes, amendments, or statutory developments. With respect to significant new case citations, the Authors provided either a parenthetical statement of the holding, or a longer discussion of the significance of the case. The Authors also provided commentary on the relevance of new cases to the specific subject matter areas. To the best of my knowledge, West's editorial process resulted in no substantive changes to any of the approximately twenty (20) pocket parts that we prepared for the Treatise.

11. The Treatise has been purchased by lawyers, public defender offices, prosecutors, and courts, as well as by prisons and jails in Pennsylvania for use by inmates in prison law libraries. Over the years, the Authors have received many comments, suggestions, and other critiques of the Treatise from these subscribers. These comments and statements made it clear to the Authors that subscribers often used the Treatise as an entry point for legal research on a specific issue with the knowledge that the Treatise would provide them with any significant reported cases, rule application, statutory law and commentary. Because the Authors were careful to include all new cases and rule changes that were of any significance in terms of changes or development of legal doctrine, or which provided the latest statement on a particular issue, subscribers and users rely on the pocket part to bring them the latest developments in the law. Indeed, West's promotional materials for the Treatise have made this point. West has marketed the Treatise in large part through the use of my name and the name of Leonard Sosnov.

12. In 2008, West and the Authors could not agree on business terms for the Authors to prepare a 2008-2009 pocket part.

13. In December, 2008, West published a 2008-2009 pocket part, with a title page that prominently stated that the publication was "by" David Rudovsky and Leonard Sosnov, and in smaller print, by the "The Publisher's Staff."

14. This pocket part was virtually unchanged from the 2007 pocket part as it contained almost no new cases or rule changes of any significance. Moreover, the pocket part failed to note or discuss several decisions from the Pennsylvania Supreme Court that reversed, remanded, or granted review of decisions by the Pennsylvania Superior Court. S*ee, e.g., Commonwealth v. Mallory*, 941 A.2d 686 (Pa. 2007); *Commonwealth v. Brown*, 925 A.2d 147 (Pa. 2007); *Commonwealth v. West*, 938 A.2d 1034 (Pa. 2007); *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007); *Commonwealth v. Lee*, 935 A.2d 865 (2007); *Commonwealth v. Gravely*, 918 A.2d 761 (Pa. Super. 2007), *allowance of appeal granted,* April 2, 2008. In addition, changes to the Rules of Appellate Procedure (e.g., Rule 2111) and additions and amendments to the Rules of Juvenile Court Proceedings (e.g., new Rules 140, 630 and 632, and amendments to Rules 120, 123, 124, 150, 360, 364, 631 and 800), were not addressed in the pocket part.

15. The Authors retained counsel to seek relief from the damages and harm caused by this "sham" product. This lawsuit was filed when West refused to provide the relief requested.

16. Following some negotiations, West sent a notice dated March 2009 to subscribers ("Notice") regarding the 2008-2009 pocket part. See Exhibit 4. The Authors did not agree to the substance of this Notice.

17. The Notice is deficient in significant respects:

   a. The Notice states that the pocket part "does not reflect ***all*** changes in the law that have occurred since the prior year's update." (emphasis added). This is seriously

misleading because it implies that many or most changes were included, but some were missed, when the truth is that the 2008-09 pocket part addressed only three new cases, and failed to address significant new developments in the caselaw and rule changes. As discussed above, in prior years the Authors provided 100-150 new case citations and discussions, in addition to rule and statutory changes.

  b. The Notice, because it is in the form of a letter addressed to subscribers, will not be seen by most users of the Treatise, and persons who use the Treatise will continue to see my name, and Leonard Sosnov's name as authors of the 2008-2009 pocket part. For example, lawyers in public defender and district attorney offices where there are multiple users of the Treatise are not likely to see the Notice. Prisoners throughout Pennsylvania will also continue to use the Treatise and the current pocket part without knowledge that Leonard Sosnov and I had no role with respect to the pocket part after the preparation of the 2007-2008 pocket part, or that it is not a valid update of the law. The Treatise is also available in law school and bar association libraries and users of the Treatise and the 2008-2009 pocket part in these places are not likely to be on notice of the non-involvement of Leonard Sosnov and me with respect to supplementation after 2007 or of the deficiencies in the pocket part.

  c. The Notice does not remedy the problem of Westlaw users attributing updating of the Treatise to me and Leonard Sosnov because (assuming the representation in the Notice concerning Westlaw was appropriately implemented) users of the Treatise on Westlaw do not generally access the "Scope" page, to the best of my knowledge. In addition, the Notice does not disclose to users of the Treatise on Westlaw the gross inadequacy concerning current updating.

 18. Publications which I have authored or co-authored, including "Police Misconduct; Law and Litigation" (West, 2009, 3rd ed.), and "The Law of Arrest, Search and Seizure in

Pennsylvania (PBI Press, 2009, 5th ed.), are very important to my academic standing and to my legal practice, including my ability to earn income in my teaching and legal practice. Accordingly, my reputation for integrity in my scholarship is important to these sources of income. In addition, my reputation as an author is important to the sales of these publications as I receive royalty payments on these sales.

    I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

/s_____
David Rudovsky

Dated: April \_\_, 2009

.