# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID RUDOVSKY and <br> LEONARD SOSNOV, <br><br> Plaintiffs, <br><br> v. <br><br> WEST PUBLISHING CORPORATION, <br> WEST SERVICES INC., AND <br> THOMSON LEGAL AND REGULATORY <br> INC. t/a THOMSON WEST, <br><br> Defendants. | CIVIL ACTION – <br> JURY TRIAL DEMANDED <br><br><br><br> NO. 09-CV-727 |

### PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
### IN FURTHER SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs David Rudovsky, Esquire ("Rudovsky") and Leonard Sosnov, Esquire ("Sosnov"), by and through their undersigned counsel, respectfully submit this supplemental memorandum of law in further support of their motion for a preliminary injunction for the purposes of this Court's hearing on April 14, 2009.

## I.   INTRODUCTION

In their Emergency Motion For Adjournment of Preliminary Injunction Hearing, in their Opposition to Emergency Motion to Compel Document Production, and in their Motion to Dismiss, Defendants have raised the June, 2000 Agreement as a defense to Plaintiffs' claims and as an alleged basis for requiring transfer of this case to Minnesota. Plaintiffs submit this memorandum to address this defense raised by Defendants.

1

## II. ARGUMENT

### A. THE 2000 AGREEMENT DOES NOT APPLY TO THE 2008-2009 POCKET PART

The 2000 Agreement upon which Defendants place sole reliance is between "David Rudovsky and Leonard Sosnov, Authors, and West Group, Publisher." (A copy of the 2000 Agreement is attached hereto as Exhibit "A"). "West Group" is nowhere identified in any of Defendants' submissions, and Plaintiffs do not know who "West Group" is. Without evidence with respect to "West Group" – including its identity, role in this case (including in the 2008-2009 pocket part), relationship with defendants, etc. – this Agreement should not be considered. In addition, the subject of the 2000 Agreement (paragraph 1) is described as "two original works." The book produced following this agreement was a single volume, second edition of the Rudovsky and Sosnov Treatise; this would not normally be considered as an original work; nor is it two volumes. Again, Defendants have not offered any evidence or explanation concerning this description.

Assuming that the Agreement can be considered, it does not apply to the purported 2008-2009 pocket part. This is because the Agreement (assuming that it otherwise applied) was superseded by the 2007 Agreement, attached hereto as Exhibit A (and to the Amended Declaration of David Rudovsky as Exhibit D).

The 2007 Agreement, paragraph 9H, provides in relevant part as follows:

> This is the entire agreement of the parties. All prior negotiations and representations are merged into this Agreement. This Agreement supersedes all previous agreements concerning the Work.

"The Work," as defined in the 2007 Agreement, is the "Pennsylvania Practice Criminal Procedure 2007 Supplement." *See* 2007 Agreement, attached as Exhibit B, ¶ 1. According to Defendants, the 2000 Agreement applied to all pocket parts, which would include the "2007

2

Supplement." Therefore, since the 2000 Agreement would otherwise apply to "the Work," it was superseded.

Defendants apparently contend that the 2007 Agreement supersedes the 2000 Agreement only as to "the Work," and nothing else. But the words "concerning the Work" come directly after, and therefore apply to, "previous agreements," so that it is the previous agreements which are superseded if they would otherwise apply to the Work. Had Defendants wished to achieve the result they now argue for, they could have easily so provided. For example, they could have drafted a provision with the following language: "With respect to the Work, this Agreement supersedes all previous agreements." This, however, is not what is provided by the language which Defendants chose. Moreover, if one were to assume that the language used by Defendants is ambiguous (Defendants' best case), any ambiguity should be resolved against Defendants because they (or West Group—whoever that is) authored the Agreement. *See*, *e.g*., *Dardovitch v. Haltzman*, 190 F.3d 125, 141 (3d Cir. 1999) ("It cannot be doubted that 'in choosing among the reasonable meanings of a promise or agreement or a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds.'") (quoting Restatement (Second) of Contracts, § 206).

B. THIS 'LEGAL ACTION' DOES NOT 'ARISE UNDER' THE 2000 AGREEMENT, AND THEREFORE DOES NOT COME WITHIN THE VENUE SELECTION CLAUSE

If one were nonetheless to assume that the 2000 Agreement applied to the purported 2008-2009 pocket part, the venue selection clause would not support transfer of this case to Minnesota. Defendants fail to take into account the very narrow wording of this clause, and do not cite the relevant authority. The venue clause is limited to "any legal action arising under this Agreement"; none of the claims made by Plaintiffs is based upon the Agreement or sounds in contract.

Defendants fail to cite an instructive 1997 Third Circuit opinion written by then-Judge Alito in *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070 (3d Cir. 1997), and fail to cite the only case in the Third Circuit to decide the application of a venue selection clause to non-contractual claims where the clause applies to claims that 'arise under' the contract, i.e., *Wild v. Jungle Media Group*, 2004 WL 834695 (E.D. Pa. 2004) (Yohn, J.).[1] As explained below, *Wyeth*, *Wild* and additional case law from this and other Circuits make clear that the venue selection clause cannot apply to the Plaintiffs' claims in this lawsuit.

The parties' Forum Selection Clause is expressly limited to "legal actions arising under the Agreement." Although it ultimately enforced the venue provision at issue due to its broad language ("any dispute arising under or out of or in relation to this Agreement"), the Third Circuit concluded in *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070 (3d Cir. 1997) (Alito, J.) that courts in this Circuit should read forum selection clauses with 'arising under' or 'arising out of' provisions more narrowly than those with 'arising in relation to' or 'related to' language. *Id.* at 1074-75 ("the phrase 'arising in relation to' is broader than [the phrase] 'arising under'"). The Second Circuit has recently followed this reasoning. "To 'arise out of' means 'to originate from a specified source,' . . . and generally indicates a causal connection." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 389 (2d Cir. 2007) (citing dictionary and case law). There is no such connection here. The Second Circuit further noted that "[w]e do not understand the words 'arise out of' as encompassing all claims that have some possible relationship with the contract, including claims that only 'relate to,' be 'associated with,' or 'arise in connection with' the contract." *Id*.

---

[1] Instead, defendants cite to footnote 10 of an earlier decision by Judge Yohn, *Jordan v. SEI Corp.*, 1996 WL 296540 (E.D. Pa. 1996) (*see* Defs' Mem. at 9), which makes clear that the parties in that case never briefed the issue of whether plaintiff's tort claims were "contract-related." In any event, *Jordan* has effectively been superseded by Judge Yohn's subsequent decision in *Wild*, which is directly on point here. *Wild* was itself guided by an intervening decision by the Court of Appeals for the Third Circuit in *Wyeth*.

4

Similarly, the Third Circuit's opinion makes clear that forum selection clauses which contain language applying to parties' 'disputes' or 'any dispute' must be interpreted more broadly than provisions applying to 'claims.' *Wyeth*, 119 F.3d at 1074. The Forum Selection Clause at issue here does *not* apply to 'disputes' or 'any dispute' between the parties. Instead, it is limited to the "legal action" – i.e., the claims – brought by Rudovsky and Sosnov against the defendants. *See* Exh. A, art. 11.B. This particular legal action contains six Counts brought by the Plaintiffs, none of which arise under the Agreement(s).

The recent Second Circuit decision in *Phillips* is directly on point. In that case, the forum selection clause applied to any proceeding arising out of the contract. *Phillips*, 494 F.3d at 381, 382. Plaintiff brought a claim under the contract, claims under the copyright law, and state law claims for unjust enrichment and unfair competition based upon improper exploitation of songs. Defendants contended that they were entitled to release a second album of plaintiff's songs under the contract, whereas plaintiff contended that the release violated his rights under copyright and state law, and that he had not been paid royalties as required under the contract. There was no dispute that the latter claim, in contract, was subject to the venue provision. However, with respect to the copyright claims, the Second Circuit held that they were not subject to the venue selection clause. The Court reasoned as follows: "[b]ecause the recording contract is only relevant as a defense in this suit, we cannot say that Phillips' copyright claims originate from, and therefore 'arise out of,' the contract." *Id*. at 391. The Court also held that the plaintiff's "state law claims d[id] not originate from the recording contract," and therefore were not subject to the venue provision. *Id*. at 392. Accordingly, the Second Circuit transferred the contract claim, but denied the motion to transfer as to all of the other claims. *Id*. at 393.

In the present case, none of the claims originate under the 2000 Agreement, even if it did apply to the purported 2008-2009 pocket part. Accordingly, none can be subject to the venue clause. *See Cheever v. Academy Chicago Ltd.*, 685 F. Supp. 914, 917 (S.D.N.Y. 1988) (forum selection clause did not apply because plaintiff was not "attempting to assert contractual rights arising from that agreement").

In *Wild v. Jungle Media Group*, 2004 WL 834695 (E.D. Pa. 2004), Judge Yohn observed that "[t]he Third Circuit has not directly addressed the application of a forum selection clause to non-contractual claims where the language of the clause governs claims that 'arise under' the contract and where the plaintiff d[oes] not have contractual claims." *Id.* at *8. *Wild* is the first, and perhaps the only, case from within this Circuit to decide the applicability of a forum selection clause which contains identical language to the provision at issue here. In *Wild*, the plaintiff brought claims for, *inter alia*, tortious interference with prospective contract. Specifically, Count I of the complaint alleged that the defendants falsely claimed to a third party that they had the exclusive right to use the plaintiff's literary work. *Id.* at *3-4. The defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, to transfer venue due to the parties' forum selection clause, which stated that claims "arising under" the agreement "must be brought" in New York courts. *Id.* at *7. The Court denied defendants' motions, finding that plaintiff stated a claim for tortious interference with contract and that the narrowly worded forum selection clause at issue had "limited force." *Id.* at *8.

The defendants in *Wild* asserted defenses very similar to those at issue here and, thus, *Wild* is persuasive authority. First, the defendants argued that their conduct was privileged due to a provision in the underlying contract that gave them the exclusive right to use the work in its original form. Second, the defendants argued that the above provision also prevented the

6

plaintiff from using the work in a different form. *See id.* at *3-4. Accordingly, defendants contended that their actions were privileged because of their contract with plaintiff. Judge Yohn held that defendants' reliance on the contract did not bring the tortious interference claim within the venue selection clause.

Purportedly in support of their venue arguments, the defendants cite to *Crescent Int'l, Inc. v. Avatar Cmty., Inc.*, 857 F.2d 943 (3d Cir. 1988) and to *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190 (3d Cir. 1983). *See* Defs' Mem. in Supp. of Mot. to Dismiss (filed 4/3/2009), at 9-10. In its subsequent opinion in *Wyeth*, the Third Circuit cast doubt on these cases by noting their different venue selection language and eschewing any reliance on those cases. *See Wyeth*, 119 F.3d at 1075-76 and n.4. Judge Yohn distinguished *Crescent* and *Coastal*, noting that they "raised contract claims in addition to asserting tort claims," whereas the "essence of plaintiff's claims [in *Wild*] [wa]s tortious." 2004 WL 834695, at *8. This reasoning applies equally to the instant case.

Accordingly, the 2000 Agreement does not apply to the purported 2009-2009 pocket part, and, even assuming that it did, the venue selection clause does not apply to the claims in this case.

7

**III.    CONCLUSION**

For all the foregoing reasons, and those stated in Plaintiffs' opening Memorandum of Law, their motion for a preliminary injunction should be granted.

Respectfully submitted,


 *s/ Richard L. Bazelon*
Richard L. Bazelon, Esquire (I.D. No. 02505)
Noah H. Charlson, Esquire (I.D. No. 89210)
Matthew R. Skolnik, Esquire (I.D. No. 89423)
BAZELON LESS & FELDMAN, P.C.
1515 Market Street, Suite 700
Philadelphia, PA  19102
(215) 568-1155
Email:  rbazelon@bazless.com

Attorneys for Plaintiffs,
David Rudovsky and Leonard Sosnov

Dated:  April 10, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, 2009, I served a true and correct copy of the foregoing Plaintiffs' Supplemental Memorandum of Law in Further Support of Their Motion for Preliminary Injunction upon the following counsel for defendants, as follows:

*via the Court's Electronic Case Filing system:*

>Matthew J. Borger, Esquire
>Klehr, Harrison, Harvey, Branzburg & Ellers LLP
>260 South Broad Street
>Philadelphia, PA  19102

*via electronic mail:*

>James Rittinger, Esquire
>Aaron Zeisler, Esquire
>Satterlee Stephens Burke & Burke LLP
>230 Park Avenue, Suite 1130
>New York, NY  10169

>  *s/ Richard L. Bazelon*
> Richard L. Bazelon, Esquire