```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| DAVID RUDOVSKY and : | CIVIL ACTION |
| LEONARD SOSNOV : | |
| : | |
| v. : | |
| : | |
| WEST PUBLISHING CORPORATION, : | |
| WEST SERVICES INC., and : | |
| THOMSON LEGAL AND REGULATORY : | |
| INC. t/a THOMSON WEST : | NO. 09-cv-00727-JF |

FILED APR 23 2009 MICHAEL E. KUNZ, Clerk

## MEMORANDUM

Fullam, Sr. J.                                        April 23, 2009

    Plaintiffs are well-known law professors who, in 1987, contracted with the defendant West Publishing Corporation to publish a book on Pennsylvania criminal procedure, entitled "Pennsylvania Criminal Procedure: Law, Commentary and Forms." They also undertook to provide annual updates ("pocket parts"), and such updates were in fact provided each year until 2007, with the exception of the year 2000, when a second edition of the entire publication was issued.

    When the time came for a 2008 update, the parties were unable to agree upon the financial terms pursuant to which plaintiffs would provide the pocket part, and the contractual arrangement between them was terminated.

    Defendant nevertheless issued a 2008-2009 pocket part, in December 2008, but that publication was entitled "By David Rudovsky ... and ... Leonard Sosnov." Below their names, in smaller print, were added the words "and the publisher's staff."

Thus, although plaintiffs had no role in authoring the pocket part, defendant West made it appear that they had indeed authored the pocket part, with aid from members of the publisher's staff. To make matters worse, the quality of that particular pocket part was not up to standard. Few, if any, relevant court decisions were included in the publication; and the reader was not informed that some cases cited in earlier volumes had since been reversed or modified.

Plaintiffs thereupon filed this lawsuit, seeking equitable relief as well as damages. By the time of the preliminary injunction hearing, the defendants had taken some further steps to remedy the situation. Eventually, defendants informed their subscribers that the plaintiffs had not had any part in the preparation of the 2008-2009 pocket part, and that the pocket part contained errors and omissions which would be remedied in the subsequent pocket part. Subscribers were also advised, in rather small print, that upon request, they would be given a financial credit against subsequent pocket parts.

The issue now before this Court is whether further interim relief should be ordered.

On the basis of the evidence thus far available, it seems clear that plaintiffs have established a right to some form of remedy - damages to reputation come to mind - but it would seem that the harm has already been done, and that, if plaintiffs

do require further injunctive relief in order to complete their remedy, such relief would be just as effective after final hearing.

Plaintiffs argue, for example, that the defendant should be required to disclose more prominently and with greater clarity and emphasis that plaintiffs were not involved in the preparation of the offending pocket part. Plaintiffs also argue that the defendants should be required to extend to all subscribers an offer to refund the cost of the offending pocket part. But I am not persuaded that plaintiffs' entitlement to this kind of relief is so clear that it would be appropriate to order it preliminarily.

In short, I am inclined to believe that the likelihood of further irreparable harm pending final outcome of this litigation has not been established with sufficient clarity.

I recognize that reasonable minds might well differ as to whether the corrective measures taken by the defendants were adequate. And it may well be that the defendants may, in their own self-interest, decide that further interim corrective measures should be taken, in order to minimize plaintiffs' claims for damages. But I am not persuaded that the situation is sufficiently clear as to warrant further preliminary injunctive relief. An Order will be entered.

BY THE COURT:

_____
John R. Fullam, Sr. J.

3