```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID RUDOVSKY and              :       CIVIL ACTION
LEONARD SOSNOV                  :
                                :
            v.                  :
                                :
WEST PUBLISHING CORPORATION,    :
WEST SERVICES INC., and         :
THOMSON LEGAL AND REGULATORY    :
INC. t/a THOMSON WEST           :       NO. 09-cv-00727-JF
```

MEMORANDUM

Fullam, Sr. J.                                          June 4, 2009

      Plaintiffs are two law professors; the defendants, together, constitute an entity which publishes law books. In 1987, plaintiffs authored, and defendants published, a two-volume treatise on Pennsylvania criminal procedure. Plaintiffs provided, and defendants published, annual updates ("pocket parts").

      In 2001, plaintiffs authored, and defendants published, a second edition of the publication. Plaintiffs provided pocket parts thereafter on an annual basis. In 2007, the parties entered into a separate, stand-alone agreement covering the 2007-2008 pocket part.

      In 2008, however, the parties were unable to come to terms on the compensation to be paid plaintiffs for the subsequent pocket parts. Thereupon, defendants proceeded to prepare, with their own staff, what purported to be a 2008-2009 pocket part, but listed plaintiffs as the authors (along with "the publisher's staff"). Plaintiffs were not notified in

advance that this would occur, and had no part in the preparation of the pocket part. Plaintiffs contend that the pocket part in question is, in effect, merely a reprint of the pocket part for the previous year, and does not reflect changes which had occurred in Pennsylvania criminal procedural law.

Plaintiffs thereupon filed this action, seeking equitable relief and damages. After a hearing on plaintiffs' request for preliminary injunctive relief, I concluded that a preliminary injunction should be denied, since the harm had, as a practical matter, already occurred.

Now before the Court is defendants' motion to dismiss the action. The motion is expressly filed pursuant to Fed. R. Civ. P. 12(b)(6), it being defendants' contention that the complaint fails to state valid claims against the defendants.

Defendants assert two basic grounds for dismissal: (1) that venue in this District is improper, since the parties' contracts limited venue to the courts of Minnesota, and (2) that all of plaintiffs' claims are barred by various contractual provisions.

Contrary to defendants' argument, I have concluded that the forum-selection clause is not an obstacle to venue in this District. Assuming that the 2000 Agreement relied upon by defendants is applicable, the contract provides merely that "any legal action arising under this Agreement will be brought in the

appropriate federal or state court in the State of Minnesota." But the present case is not an action "arising under this 'Agreement'" – plaintiffs are claiming that the defendants committed torts after the contract was terminated. At most, it appears that the defendants may be asserting that the contracts give rise to defenses against plaintiffs' claims, but that is not sufficient to invoke the forum-selection clause. Accordingly, it is not necessary to sort out the various possible contracts. Defendants rely upon the 2000 Agreement, whereas the 2007 Agreement purportedly replaces all prior agreements (but may be limited to the pocket-part for that year, notwithstanding the broad definitions of "the work").

      Since all of the allegations of the complaint must be accepted as true at this stage, I am persuaded that this litigation does not arise under any of the contracts. It may well be that some of plaintiffs' claims can be defeated by invoking the language of one or more of the earlier contracts, but that issue may not be resolved under Fed. R. Civ. P. 12(b)(6). Defendants' motion to dismiss will therefore be denied. An Order follows.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.