# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID RUDOVSKY and <br> LEONARD SOSNOV, <br>            Plaintiffs, <br>            v. <br> WEST PUBLISHING CORPORATION, <br> WEST SERVICES INC., AND <br> THOMSON LEGAL AND REGULATORY <br> INC. t/a THOMSON WEST, <br>            Defendants. | CIVIL ACTION <br><br> NO. 09-CV-727 |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

Defendants West Publishing Corporation, West Services Inc., and Thomson Reuters (Legal) Inc. (formerly known as Thomson Legal and Regulatory Inc.) d/b/a Thomson West (collectively, "West" or "Defendants"), by and through their attorneys, as and for their answer and affirmative defenses to the Amended Complaint, dated March 24, 2009 (the "Complaint"), of plaintiffs David Rudovsky and Leonard Sosnov ("Plaintiffs"), state as follows:

## PARTIES

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis deny them.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis deny them.

774086_4

3.     Admit that West Publishing has a principal office at 610 Opperman Drive, Eagan, Minnesota and that it has an office located at 1735 Market Street, Suite 3820, Philadelphia, PA, but otherwise deny the allegations contained in Paragraph 3 of the Complaint.

4.     Admit that West Services is incorporated under the laws of the State of Delaware and has a principal place of business at 610 Opperman Drive, Eagan, Minnesota, but otherwise deny the allegations contained in Paragraph 4 of the Complaint.

5.     Deny the allegations contained in Paragraph 5 of the Complaint.

6.     Admit the allegations contained in the first sentence of Paragraph 6 of the Complaint. Admit that West's business often includes the publishing of updates, that many of its publications and updates are available on Westlaw, and that West charges subscribers for its publications and Westlaw access, but otherwise deny the remaining allegations contained in the remaining sentences of Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.     Neither admit nor deny the allegations contained in Paragraph 7 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

8.     Neither admit nor deny the allegations contained in Paragraph 8 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

## FACTUAL BACKGROUND

9.     Admit that Rudovsky and Sosnov authored a work on Pennsylvania criminal procedure entitled "West's Pennsylvania Practice Series, Criminal Procedure: Law, Commentary and Forms," which was first published by West in 1988, but otherwise deny the allegations contained in Paragraph 9 of the Complaint.

10. Admit that, thereafter, Plaintiffs provided manuscripts or pocket part updates, but otherwise deny the allegations contained in Paragraph 10 of the Complaint.

11. Admit the allegations contained in Paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 12 of the Complaint, and on that basis deny them. Admit that the pocket parts contained certain updated or revised information, but otherwise deny the remaining allegations contained in the remaining sentences of Paragraph 12 of the Complaint.

13. Deny the allegations contained in Paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and on that basis deny them.

15. Deny the allegations contained in the first sentence of Paragraph 15 of the Complaint. Admit the allegations contained in the second sentence of Paragraph 15 of the Complaint.

16. Admit that some of the subscribers to and users of the Treatise have addresses in Pennsylvania, but otherwise deny the allegations contained in Paragraph 16 of the Complaint.

17. Admit that the Treatise is available to certain Westlaw subscribers, but otherwise deny the allegations contained in Paragraph 17 of the Complaint.

18. Deny the allegations contained in Paragraph 18 of the Complaint.

19. Admit that West published the 2008-09 Pocket Part in or about December 2008 and that attribution was listed "By" Plaintiffs and The Publisher's Staff, respectfully beg leave to refer to a true copy of the 2008-09 Pocket Part for an accurate statement of what is

contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 19 of the Complaint.

20. Admit that West sent the 2008-09 Pocket Part to certain subscribers to the Treatise, but otherwise deny the allegations contained in Paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and on that basis deny them.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis deny them.

23. Deny the allegations contained in Paragraph 23 of the Complaint, and state that the majority of the information contained in the 2008-09 Pocket Part was Plaintiffs' authorship.

24. Deny the allegations contained in Paragraph 24 of the Complaint.

25. Deny the allegations contained in Paragraph 25 of the Complaint, and respectfully beg leave to refer to a true copy of the 2008-09 Pocket Part for an accurate statement of what is contained therein, in proper context and for its true legal effect.

26. Deny the allegations contained in Paragraph 26 of the Complaint, and respectfully beg leave to refer to a true copy of the 2008-09 Pocket Part for an accurate statement of what is contained therein, in proper context and for its true legal effect.

27. Deny the allegations contained in Paragraph 27 of the Complaint, and respectfully beg leave to refer to a true copy of the 2008-09 Pocket Part for an accurate statement of what is contained therein, in proper context and for its true legal effect.

28. Deny the allegations contained in Paragraph 28 of the Complaint, and respectfully beg leave to refer to a true copy of the 2008-09 Pocket Part for an accurate statement of what is contained therein, in proper context and for its true legal effect.

29. Admit that a purpose of a pocket part is to update the Treatise on relevant legal developments since the publication of the hardcover volume or prior pocket parts, but otherwise deny the allegations contained in Paragraph 29 of the Complaint.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

31. Deny the allegations contained in Paragraph 31 of the Complaint.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

33. Deny the allegations contained in Paragraph 33 of the Complaint.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

35. Deny the allegations contained in Paragraph 35 of the Complaint.

36. Deny the allegations contained in Paragraph 36 of the Complaint.

37. Admit that West published a cover page to the 2008-09 Pocket Part, respectfully beg leave to refer to a true copy of the 2008-09 Pocket Part for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 37 of the Complaint.

38. Deny the allegations contained in Paragraph 38 of the Complaint.

39. Deny the allegations contained in Paragraph 39 of the Complaint.

40. Deny the allegations contained in Paragraph 40 of the Complaint.

41. Deny the allegations contained in Paragraph 41 of the Complaint.

42. Deny the allegations contained in Paragraph 42 of the Complaint.

43. Deny the allegations contained in Paragraph 43 of the Complaint.

44. Deny the allegations contained in Paragraph 44 of the Complaint.

45. Deny the allegations contained in Paragraph 45 of the Complaint, and respectfully beg leave to refer to a true copy of the parties' agreements for an accurate statement of what is contained therein, in proper context and for its true legal effect.

774086_4

46. Deny the allegations contained in Paragraph 46 of the Complaint.

47. Deny the allegations contained in Paragraph 47 of the Complaint.

48. Deny the allegations contained in Paragraph 48 of the Complaint.

49. Admit that Plaintiffs' counsel sent a letter to West dated February 3, 2009, respectfully beg leave to refer to a true copy of the letter for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the remaining allegations contained in paragraph 49 of the Complaint.

50. Admit that Plaintiffs' counsel sent a letter to West dated February 3, 2009, respectfully beg leave to refer to a true copy of the letter for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the remaining allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in Paragraph 51 of the Complaint.

52. Deny the allegations contained in Paragraph 52 of the Complaint.

53. Deny the allegations contained in Paragraph 53 of the Complaint.

54. Deny the allegations contained in Paragraph 54 of the Complaint.

55. Deny the allegations contained in Paragraph 55 of the Complaint.

56. Deny the allegations contained in Paragraph 56 of the Complaint.

57. Deny the allegations contained in Paragraph 57 of the Complaint.

58. Deny the allegations contained in Paragraph 58 of the Complaint.

## **COUNT I**

59. Answering Paragraph 59 of the Complaint, Defendants repeat and reallege their answers to Paragraphs 1 through 58, inclusive, as if fully set forth herein.

6
774086_4

60. Neither admit nor deny the allegations contained in Paragraph 60 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

61. Neither admit nor deny the allegations contained in Paragraph 61 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

62. Neither admit nor deny the allegations contained in Paragraph 62 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

63. Neither admit nor deny the allegations contained in Paragraph 63 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

64. Neither admit nor deny the allegations contained in Paragraph 64 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

65. Neither admit nor deny the allegations contained in Paragraph 65 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 66 of the Complaint, and on that basis deny them. Deny the allegations contained in the second sentence of Paragraph 66 of the Complaint.

WHEREFORE, Defendants respectfully request that this Court enter judgment:

774086_4

a) Dismissing with prejudice all claims alleged and relief sought against Defendants in this Count and the Complaint herein;

b) Awarding to Defendants the costs and expenses, including reasonable attorneys' fees, incurred in defending this action; and

c) Awarding to Defendants such other and further relief as this Court deems just and proper.

## COUNT II

67. Answering Paragraph 67 of the Complaint, Defendants repeat and reallege their answers to Paragraphs 1 through 66, inclusive, as if fully set forth herein.

68. Neither admit nor deny the allegations contained in Paragraph 68 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

69. Neither admit nor deny the allegations contained in Paragraph 69 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint, and on that basis deny them.

71. Neither admit nor deny the allegations contained in Paragraph 71 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

72. Neither admit nor deny the allegations contained in Paragraph 72 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

73. Neither admit nor deny the allegations contained in Paragraph 73 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

74. Deny the allegations contained in Paragraph 74 of the Complaint.

WHEREFORE, Defendants respectfully request that this Court enter judgment:

a) Dismissing with prejudice all claims alleged and relief sought against Defendants in this Count and the Complaint herein;

b) Awarding to Defendants the costs and expenses, including reasonable attorneys' fees, incurred in defending this action; and

c) Awarding to Defendants such other and further relief as this Court deems just and proper.

## COUNT III

75. Answering Paragraph 75 of the Complaint, Defendants repeat and reallege their answers to Paragraphs 1 through 74, inclusive, as if fully set forth herein.

76. Neither admit nor deny the allegations contained in Paragraph 76 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

77. Neither admit nor deny the allegations contained in Paragraph 77 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

78. Deny the allegations contained in Paragraph 78 of the Complaint.

79. Neither admit nor deny the allegations contained in Paragraph 79 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

80. Deny the allegations contained in Paragraph 80 of the Complaint.

81. Deny the allegations contained in Paragraph 81 of the Complaint.

82. Deny the allegations contained in Paragraph 82 of the Complaint.

83. Deny the allegations contained in Paragraph 83 of the Complaint.

84. Deny the allegations contained in Paragraph 84 of the Complaint.

85. Deny the allegations contained in Paragraph 85 of the Complaint.

WHEREFORE, Defendants respectfully request that this Court enter judgment:

a) Dismissing with prejudice all claims alleged and relief sought against Defendants in this Count and the Complaint herein;

b) Awarding to Defendants the costs and expenses, including reasonable attorneys' fees, incurred in defending this action; and

c) Awarding to Defendants such other and further relief as this Court deems just and proper.

## COUNT IV

86. Answering Paragraph 86 of the Complaint, Defendants repeat and reallege their answers to Paragraphs 1 through 85, inclusive, as if fully set forth herein.

87. Neither admit nor deny the allegations contained in Paragraph 87 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

88. Neither admit nor deny the allegations contained in Paragraph 88 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

89. Deny the allegations contained in Paragraph 89 of the Complaint.

90. Deny the allegations contained in Paragraph 90 of the Complaint.

91. Neither admit nor deny the allegations contained in Paragraph 91 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

92. Deny the allegations contained in Paragraph 92 of the Complaint.

93. Deny the allegations contained in Paragraph 93 of the Complaint.

94. Deny the allegations contained in Paragraph 94 of the Complaint.

WHEREFORE, Defendants respectfully request that this Court enter judgment:

a) Dismissing with prejudice all claims alleged and relief sought against Defendants in this Count and the Complaint herein;

b) Awarding to Defendants the costs and expenses, including reasonable attorneys' fees, incurred in defending this action; and

c) Awarding to Defendants such other and further relief as this Court deems just and proper.

## COUNT V

95. Answering Paragraph 95 of the Complaint, Defendants repeat and reallege their answers to Paragraphs 1 through 94, inclusive, as if fully set forth herein.

96. Neither admit nor deny the allegations contained in Paragraph 96 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

97. Neither admit nor deny the allegations contained in Paragraph 97 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

98. Neither admit nor deny the allegations contained in Paragraph 98 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

99. Neither admit nor deny the allegations contained in Paragraph 99 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

100. Deny the allegations contained in Paragraph 100 of the Complaint.

WHEREFORE, Defendants respectfully request that this Court enter judgment:

a) Dismissing with prejudice all claims alleged and relief sought against Defendants in this Count and the Complaint herein;

b) Awarding to Defendants the costs and expenses, including reasonable attorneys' fees, incurred in defending this action; and

c) Awarding to Defendants such other and further relief as this Court deems just and proper.

## COUNT VI

101. Answering Paragraph 101 of the Complaint, Defendants repeat and reallege their answers to Paragraphs 1 through 100, inclusive, as if fully set forth herein.

102. Neither admit nor deny the allegations contained in Paragraph 102 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

103. Neither admit nor deny the allegations contained in Paragraph 103 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

104. Neither admit nor deny the allegations contained in Paragraph 104 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

105. Neither admit nor deny the allegations contained in Paragraph 105 of the Complaint to the extent that they call for legal conclusions, and otherwise deny each and every allegation.

106. Deny the allegations contained in Paragraph 106 of the Complaint.

107. Deny the allegations contained in Paragraph 107 of the Complaint.

WHEREFORE, Defendants respectfully request that this Court enter judgment:

a) Dismissing with prejudice all claims alleged and relief sought against Defendants in this Count and the Complaint herein;

b) Awarding to Defendants the costs and expenses, including reasonable attorneys' fees, incurred in defending this action; and

c) Awarding to Defendants such other and further relief as this Court deems just and proper.

## **GENERAL DENIAL**

108. Except as otherwise expressly recognized in Paragraphs 1 through 107 above, Defendants deny each and every allegation set forth in the Complaint, including, without limitation, the headings and subheadings contained in the Complaint and the allegations set forth in Plaintiff's prayer for judgment. The Defendants specifically deny any liability to Plaintiffs. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed denied or avoided. The Defendants expressly reserve the right to amend and/or supplement their Answer and Affirmative Defenses prior to trial.

## AFFIRMATIVE DEFENSES

109. The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs. Defendants expressly reserve the right to amend, add to and/or otherwise supplement their affirmative and other defenses at such time and to such extent as discovery and factual developments establish a basis therefor. Further answering the Complaint, Defendants plead the following affirmative defenses:

### First Affirmative Defense

110. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

111. The Complaint is barred in whole or in part because Defendants' actions were consistent with their contractual rights, including, but not limited to, the right to reproduce, publish, distribute, and sell the work, and the right to use Plaintiffs' names, backgrounds and likenesses in connection with Defendants' publication of the work and any upkeep, including pocket parts.

### Third Affirmative Defense

112. The action is improperly venued in Pennsylvania.

### Fourth Affirmative Defense

113. The Complaint is barred in whole or in part by the doctrines of waiver, estoppel and acquiescence.

### Fifth Affirmative Defense

114. The Complaint is barred in whole or in part by the applicable statutes of limitations.

**Sixth Affirmative Defense**

115. Plaintiffs' claims are barred, in whole or in part, because the Defendants' alleged actions were consistent with applicable law.

**Seventh Affirmative Defense**

116. The alleged damages suffered by Plaintiffs, if any, have been caused, in whole or in part, by the actions of Plaintiffs and/or third-parties and not by Defendants.

**Eighth Affirmative Defense**

117. Any alleged damages were not proximately caused by any action or inaction by Defendants.

**Ninth Affirmative Defense**

118. Plaintiffs' right to recovery is barred, in whole or in part, to the extent Plaintiffs failed to mitigate their alleged damages.

**Tenth Affirmative Defense**

119. The Complaint fails to state a claim for which punitive or exemplary damages are recoverable.

**Eleventh Affirmative Defense**

120. The Complaint fails to state a claim for which attorneys' fees are recoverable.

WHEREFORE, Defendants respectfully request that this Court enter judgment:

a) Dismissing with prejudice all claims alleged against Defendants in the Complaint herein;

b) Awarding to Defendants the costs and expenses, including reasonable attorneys' fees, incurred in defending this action; and

c) Awarding to Defendants such other and further relief as this Court deems just and proper.

Dated: June 18, 2009

Respectfully submitted,

/s/ James F. Rittinger
James F. Rittinger, Esquire (adm. *pro hac vice*)
Aaron M. Zeisler, Esq. (adm. *pro hac vice*)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, NY 10169-0079
(212) 818-9200
Email: jrittinger@ssbb.com
azeisler@ssbb.com


/s/ Matthew J. Borger
Matthew J. Borger, Esquire
KLEHR, HARRISON, HARVEY, BRANZBURG
 & ELLERS LLP
260 South Broad Street
Philadelphia, PA 19102-5003
(215) 568-6060
Email: mborger@klehr.com

*Attorney for the Defendants*

**CERTIFICATE OF SERVICE**

I, Matthew J. Borger, hereby certify that the Answer and Affirmative Defenses of Defendants has been filed electronically and is available for viewing and downloading from the Court's ECF system. I further certify that on this date I served the foregoing upon counsel listed below via U.S. Mail as follows:

Richard L. Bazelon
Noah H. Charlson
BAZELON LESS & FELDMAN, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102-1907
215-568-1155

                                                /s/ Matthew J. Borger
                                                Matthew J. Borger, Esquire