IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID RUDOVSKY and : CIVIL ACTION
LEONARD SOSNOV :
 :
v. :
 :
WEST PUBLISHING CORPORATION, :
WEST SERVICES INC., and :
THOMSON LEGAL AND REGULATORY :
INC. t/a THOMSON WEST : NO. 09-cv-00727-JF

ORDER

The defendants have moved for reconsideration of the Court's order denying summary judgment on the plaintiffs' defamation claim. The motion for reconsideration will be granted in part, because the opinion may have been unclear. Whether the pocket part was defamatory *per se* is a question for the Court. Defamation *per se* occurs where a publication "imputes to another conduct characteristics, or a condition that would adversely affect her in her lawful business or trade." Franklin Prescriptions, Inc. v. New York Times Co., 424 F.3d 336, 343 (3d Cir. 2005) (quotation omitted). Where, as here, the publication "can be interpreted in both a defamatory and a nondefamatory manner, the jury, on proper instruction, must decide what the statement means." St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1317 n. 7. It is for the jury to determine whether the intended audience of the pocket part would conclude that the plaintiffs authored an inaccurate and out-of-date supplement to the treatise. If they so conclude, then I hold this would tend

to damage the plaintiffs as legal authors and authorities on Pennsylvania criminal law and constitute defamation per se.[1] Therefore, I decline to grant summary judgment on this claim.

AND NOW, this 8th day of December 2010, it is ORDERED:

1. That the defendants' Motion for Leave to File Defendants' Motion for Reconsideration of that Portion of the Court's July 15, 2010 Memorandum and Order Addressing Defamation *Per Se Nunc* to July 29, 2010 is GRANTED.

2. That the defendants' Motion for Reconsideration is GRANTED in part as outlined above and DENIED as to the motion for summary judgment on the defamation claim.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,   Sr. J.

ENTERED
DEC 08 2010
CLERK OF COURT

12/8/10 mail:

---

[1] I reject the plaintiffs' argument that all libels are "per se" as unsupported by Pennsylvania's statutes and most case law, including recent Third Circuit law. See Franklin Prescriptions, Inc. v. New York Times Co., 424 F.3d 336, 343 (3d Cir. 2005).

2