IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID RUDOVSKY and<br>LEONARD SOSNOV,<br>           Plaintiffs,<br><br>           v.<br><br>WEST PUBLISHING CORPORATION,<br>WEST SERVICES INC., AND<br>THOMSON LEGAL AND REGULATORY<br>INC. t/a THOMSON WEST,<br>           Defendants. | : CIVIL ACTION<br>:<br>: NO. 09-CV-727<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## WEST'S REVISED PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's orders and individual practices, defendants West Publishing Corporation, West Services Inc., and Thomson Reuters (Legal) Inc. (formerly known as Thomson Legal and Regulatory Inc.) d/b/a Thomson West (together "West"), by their attorneys Satterlee Stephens Burke & Burke LLP and Klehr Harrison Harvey Branzburg LLP, respectfully submit the following revised proposed instructions to charge the jury in the trial of this matter. West reserves the right to request additional or different instructions.

Dated: New York, New York
       December 16, 2010

                              SATTERLEE STEPHENS BURKE & BURKE LLP


                        By:    /s/ James F. Rittinger
                              James F. Rittinger, Esq. (admitted *pro hac vice*)
                              Aaron M. Zeisler, Esq. (admitted *pro hac vice*)
                              SATTERLEE STEPHENS BURKE & BURKE LLP
                              230 Park Avenue, 11th Floor
                              New York, NY 10169-0079
                              Tel: (212) 818-9200
                              Email: jrittinger@ssbb.com
                                     azeisler@ssbb.com

1

/s/ Matthew J. Borger
Matthew J. Borger, Esq.
KLEHR HARRISON HARVEY BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Tel: (215) 568-6060
Email: mborger@klehr.com

## **ALL PERSONS EQUAL BEFORE THE LAW**

The Defendants in this case are corporations. You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.[1]

---

[1] O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 103.12.

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.[2]

---

[2] Third Circuit Pattern Civil Jury Instructions, § 1.7.

**STANDARD FOR DEFAMATION**

A person otherwise liable for publishing a communication that is defamatory of another is responsible for all harm suffered by the person defamed as a result of that publication.[3] The burden is on the plaintiff to prove the elements of a defamation claim, on which I will now instruct you, by a preponderance of the evidence.[4]

In an action for defamation under Pennsylvania law, the plaintiff has the burden of proving: (1) The defamatory character of the communication. (2) Its publication by the defendant. (3) Its application to the plaintiff. (4) The understanding by the recipient of its defamatory meaning. (5) The understanding by the recipient of it as intended to be applied to the plaintiff. (6) Special harm resulting to the plaintiff from its publication. (7) Abuse of a conditionally privileged occasion.[5]

Here, Plaintiffs assert that West's publication of the 2008 Pocket Part listing Plaintiffs as authors along with the West's Publisher's Staff was defamatory. It is not disputed that West published the 2008 Pocket Part; however, Plaintiffs must prove each of the other elements of defamation for you to find that West has liability, including that the 2008 Pocket Part had a defamatory meaning, that the subscribers to the Treatise understood it to be defamatory, that the subscribers believed that Plaintiffs wrote it, and that there was harm to the Plaintiffs.[6]

Where, as here, the publication can be interpreted in both a defamatory and nondefamatory manner, you must decide what the statement means.[7] Words are not defamatory

---

[3] Penn. Suggested Standard Civil Jury Instructions, § 13.08 (2005).

[4] See id.

[5] 42 Pa. Const. Stat. § 8343(a).

[6] See id.

[7] Order filed Dec. 8, 2010 (quoting St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1317 n. 7).

merely because they are annoying or embarrassing to the person referred to in the communication.[8] A communication is defamatory if it tends to so harm the reputation of that person as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her.[9]

If you find that the intended audience of the 2008 Pocket Part concluded that it was inaccurate and out-of-date, and that Plaintiffs authored it, I will hold that the pocket part constitutes libel *per se*.[10]

If, however, you find that the intended audience of the 2008 Pocket Part did not conclude that it was inaccurate and out-of-date, and/or that Plaintiffs had authored it, then you must find in favor of West because there is no libel *per se* and Plaintiffs have stipulated that they have suffered no economic damages.

---

[8] Penn. Suggested Standard Civil Jury Instructions, § 13.14 (2005).

[9] Penn. Suggested Standard Civil Jury Instructions, § 13.08 (2005).

[10] Order filed Dec. 8, 2010.

**ACTUAL MALICE AND DAMAGES**

"[I]n the absence of actual malice . . . [plaintiff] cannot rely on a presumption of damages; he or she must offer actual specific evidence of such general damages."[11]  Here, if you find that West's publication of the 2008 Pocket Part was defamatory or placed them in a false light, Plaintiffs are only entitled to the general damages that they prove unless Plaintiffs can also prove, by clear and convincing evidence, that West published the Pocket Part with "actual malice," which means that West published it "with knowledge that it was false" or "with a high degree of awareness of probable falsity."[12]

Actual malice is a legal term used in defamation and false light cases that should not be confused with the concept of malice as in evil intent or a motive arising from spite or ill will.[13]  Actual malice means that, at the time that the statement was made, the party making the statement acted with knowledge that the statement was false or acted with reckless disregard of whether the statement was false or not.[14]  In other words, the plaintiff must demonstrate that the defendant in fact entertained serious doubts as to the truth of his publication, or acted with a high degree of awareness of probable falsity.[15]  Mere negligence does not suffice.[16]

Actual malice is not established by proof of "highly unreasonable conduct constituting an extreme departure from the standards of investigation and reporting ordinarily

---

[11] Beverly Enterprises v. Trump, 182 F.3d 183 n.2 (3rd Cir. 1999).

[12] Masson v. New Yorker Magazine, 501 U.S. 496, 510-11, 111 S.Ct. 2419, 2430 (1991); Gertz v. Robert Welsh, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia, 898 F.2d 914, 931 (3d Cir. (Pa.) 1990) (the *New York Times* standard of actual malice applies not only to defamation but to other torts such as intentional infliction of emotional distress and "false light").

[13] See Masson v. New Yorker Magazine, 501 U.S. 496, 510-11, 111 S.Ct. 2419, 2430 (1991) (citing Greenbelt Cooperative Publishing Assn., Inc. v. Bresler, 398 U.S. 6, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970)).

[14] See id. (citing New York Times Co. v. Sullivan, 376 U.S. 254, 279-280, 84 S.Ct. 710, 726, 11 L.Ed.2d 686 (1964)).

[15] See id.; see also Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 688 (1989).

[16] See id.

adhered to by responsible publishers."[17] Neither "unprofessional conduct" nor negligence rise to the level of actual malice.[18]

Actual malice focuses solely on the defendant's actual state of mind at the time of the publication.[19] An actual malice determination must "necessarily be drawn solely upon the basis of the information that was available to and considered by the defendant prior to publication."[20]

---

[17] Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 663-64 n. 5 (1989).

[18] Marcone v. Penthouse Int'l Magazine for Men, 954 F.2d 1072, 1090 (3d Cir. 1985).

[19] Bose Corp. v. Consumer Union of U.S., Inc., 466 U.S. 485, 512 (1984).

[20] McFarlane v. Sheridan Square Press, 91 F.3d 1501, 1508 (D.C. Cir. 1996).

8

**ACTUAL MALICE – PROOF BY CLEAR AND CONVINCING EVIDENCE**

Actual malice must be proven by Plaintiffs by clear and convincing evidence,[21] which is the highest standard of proof for civil claims.[22] The clear and convincing evidence standard requires evidence so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation as to the truth of the facts at issue.[23] For evidence to be clear and convincing, the witnesses must be found credible; the facts to which they testify must be distinctly remembered, and the testimony must be so clear, direct, weighty, and convincing that you can reach a clear conviction, without hesitancy, of the truth of the precise facts in issue. Although this is a significant burden of proof, it is not necessary that the evidence be uncontradicted, as long as the evidence leads you to a clear conviction of its truth.[24]

"The actual malice standard is a rigorous, if not impossible, burden to meet in most circumstances."[25] In fact, the actual malice standard forbids the imposition of liability even in those instances where the defendant negligently publishes false, defamatory statements.[26]

Here, if you find that Plaintiffs have failed to establish by clear and convincing evidence that West acted with actual malice prior to publication of the 2008 Pocket Part – that is to say, that West published it "with knowledge that it was false" or "with a high degree of awareness of probable falsity" – then you may not award presumed damages or punitive damages; you may only consider general damages.

---

[21] Masson v. New Yorker Magazine, 501 U.S. 496, 510-11, 111 S.Ct. 2419, 2430 (1991).

[22] See Lewis v. Philadelphia Newspapers, Inc., 833 A.2d 185, 192 (Pa. Super. Ct. 2003); see also Manning v. WPXI, Inc., 886 A.2d 1137, 1144 (Pa. Super. Ct. 2005).

[23] See Matter of Braig, 520 Pa. 409, 554 A.2d 493, 495 (Pa. 1989); see also Manning, 886 A.2d at 1144.

[24] See Pennsylvania Suggested Standard Civil Jury Instructions, § 5.50A.

[25] Bartlett v. Bradford Publishing, Inc., 885 A.2d 562, 566 (Pa. Super. 2005).

[26] See id. (citing Norton v. Glenn, 580 Pa. 212, 860 A.2d 48, 56 (Pa. 2004)).

Conversely, if you find that Plaintiffs have established by clear and convincing evidence that West acted "with knowledge that it was false" or "with a high degree of awareness of probable falsity" prior to publishing the 2008 Pocket Part, then you may consider awarding Plaintiffs more than general damages, such as presumed damages or punitive damages, which I will explain to you shortly.

**PRESUMED DAMAGES**

If you find that West's publication of the Pocket Part was defamatory, you are not to presume that Plaintiffs suffered damages. Under Pennsylvania law, presumed damages are those that are expected to result from defamation; they require no proof, but instead, as reflected in their name, are presumed under the law.[27] However, unless you find that West acted with actual malice by clear and convincing evidence as I described a few minutes ago, you cannot award Plaintiffs any presumed damages.[28] Without actual malice, a plaintiff cannot rely on presumed damages but must prove general damages.[29]

---

[27] Sprague v. American Bar Ass'n, 276 F. Supp. 2d 365, 368 (E.D. Pa. 2003).

[28] Beverly Enterprises v. Trump, 182 F.3d 183 n.2 (3rd Cir. 1999) ([I]n the absence of actual malice, even if the plaintiff need only prove general damage to reputation, as in a defamation *per se* case, he or she cannot rely on a presumption of damages; he or she must offer actual specific evidence of such general damages.").

[29] Synygy, Inc. v. Scott-Levin, Inc., 51 F. Supp. 2d 570, 581 (E.D. Pa. 1999), aff'd 229 F.3d 1139 (3d Cir. 2000) (even in cases of defamation *per se*, a plaintiff cannot rely on presumed damages but must prove "general damage, i.e., proof of reputational harm"); see also McNulty v. Citadel Broad. Co., 58 Fed. Appx. 556, 567 (3d Cir. 2003) (unpublished) ("even with defamation *per se*, the plaintiff must prove 'general damages'"); Pyle v. Meritor Savings Bank, No. 92-7361, 1996 WL 115048, at *3 (E.D. Pa. Mar. 13, 1996) ("In a defamation *per se* case, a plaintiff must prove general damages from a defamatory publication and cannot rely upon presumed damages."); Walker v. Grand Cent. Sanitation, Inc., 430 Pa. Super. 236, 634 A.2d 237, 242 (1993) (holding that plaintiffs in *per se* cases prove "damage to reputation" and may not rely upon presumed damages).

**GENERAL DAMAGES**

If you find that West's publication was defamatory or that it placed Plaintiffs in a false light, then Plaintiffs must still prove that they have suffered general damages. General damages are the harm to one's reputation or the personal humiliation that was caused by the communication.[30] Here, Plaintiffs have admitted that they have no evidence of harm to their reputations so you may only consider the humiliation element of general damages. Injury caused by personal humiliation is determined by the reaction of other persons in the community, and not by the party's self-estimation.[31] Plaintiffs' own embarrassment or annoyance is not sufficient to prove injury of personal humiliation.[32]

If you determine that Plaintiffs have demonstrated that there was some personal humiliation caused by West's publication of the 2008 Pocket Part – as determined by the reaction of other persons in the community – then you may find that Plaintiffs are entitled to general damages.[33] Conversely, if you determine that Plaintiffs did not demonstrate that there was personal humiliation – as determined by the reaction of other persons in the community – then you must find that Plaintiffs are not entitled to any general damages.

---

[30] See, e.g., McNulty v. Citadel Broad. Co., 58 Fed. Appx. 556, 567 (3d Cir. 2003); Synygy, Inc., 51 F. Supp. 2d at 582 ("plaintiff must show general damages where the alleged defamation is *per se*."); Walker v. Grand Cent. Sanitation, Inc., 430 Pa. Super. 236, 634 A.2d 237, 242 (1993) (requiring that plaintiffs in *per se* cases prove "damage to reputation").

[31] See Pyle v. Meritor Savings Bank, No. 92-7361, 1996 WL 115048, at *3 (E.D. Pa. Mar. 13, 1996).

[32] Scott-Taylor, Inc. v. Stokes, 425 Pa. 426, 428, 229 A.2d 733, 734 (1967); Kryeski v. Schott Glass Tech, Inc., 426 Pa. Super 105, 626 A.2d 595 (1993).

[33] See, e.g., SNA, Inc. v. Array, 51 F. Supp. 2d 554, 565 (E.D. Pa. 1999); McNulty, 58 Fed. Appx. at 567; Synygy, Inc., 51 F. Supp. 2d at 582; Walker, 634 A.2d at 242.

**PUNITIVE DAMAGES**

Plaintiffs claim that they are entitled to punitive damages. The amount of punitive damages awarded must not be the result of passion or prejudice against the defendants on the part of the jury. The sole purpose of punitive damages is to punish the defendants' outrageous conduct and to deter the defendants and others from similar acts.[34] A person's conduct is outrageous when it is malicious, wanton, willful, or oppressive, or shows reckless indifference to the interests of others.[35]

Here, as an initial matter, the Plaintiffs must demonstrate by clear and convincing evidence that West's publication of the 2008 Pocket Part was made with actual malice in order to recover punitive damages.[36] Again, actual malice means that West published the Pocket Part "with knowledge that it was false" or "with a high degree of awareness of probable falsity."[37]

If you do not find that the Plaintiffs have proven by clear and convincing evidence that West acted with actual malice, then you cannot award Plaintiffs punitive damages.

Conversely, if you find that Plaintiffs have proven with clear and convincing evidence that West acted with actual malice, you may award Plaintiffs punitive damages.

However, even if you find that West published the Pocket Part with actual malice, you still may decide that Plaintiffs are not entitled to punitive damages.[38] When determining

---

[34] See Penn. Suggested Standard Civil Jury Instructions, § 14.02.

[35] See Penn. Suggested Standard Civil Jury Instructions, § 14.00.

[36] Gertz, 418 U.S. at 350 ("We also find no justification for allowing awards of punitive damages against publishers and broadcasters held liable under state-defined standards of liability for defamation. . . . In short, the private defamation plaintiff who establishes liability under a less demanding standard than that stated by New York Times may recover only such damages as are sufficient to compensate him for actual injury."); Hepps v. Philadelphia Newspapers, Inc., 506 Pa. 304, 330, 485 A.2d 374, 388 (Pa. 1984), rev'd on other grounds, 475 U.S. 767; see also Oweida v. Tribune-Review Publ'g Co., 599 A.2d 230 (Pa. Super. Ct. 1991); Penn. Suggested Standard Civil Jury Instructions, § 13.10 Subcommittee Notes (2005).

[37] Masson v. New Yorker Magazine, 501 U.S. 496, 510-11, 111 S.Ct. 2419, 2430 (1991); Gertz v. Robert Welsh, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).

[38] See Penn. Suggested Standard Civil Jury Instructions, § 13.10.

whether or not to award punitive damages, and the amount of those damages, you may take into account West's motive and purpose for publishing the 2008 Pocket Part, West's belief or knowledge, if any, of the publication's falsity; and the conduct of the Plaintiffs.[39] Any punitive damages, however, must bear some reasonable relationship to the actual damages, if any, that you award.[40]

---

[39] See id.

[40] See BMW of North America, Inc. v. Gore, 517 U.S. 559, 580 (1996) ("The principle that exemplary damages must bear a 'reasonable relationship' to compensatory damages has a long pedigree.").