# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

—————————————————————— :
DAVID RUDOVSKY and : CIVIL ACTION –
LEONARD SOSNOV, : JURY TRIAL DEMANDED
                                          :
                     Plaintiffs, :
                                          :
          v. : NO. 09-CV-727
                                          :
WEST PUBLISHING CORPORATION, :
WEST SERVICES INC., AND :
THOMSON LEGAL AND REGULATORY :
INC. t/a THOMSON WEST, :
                                          :
                     Defendants. :
—————————————————————— :

## PLAINTIFFS' REVISED PROPOSED JURY INSTRUCTIONS

Richard L. Bazelon, Esquire (I.D. No. 02505)
Noah H. Charlson, Esquire (I.D. No. 89210)
Michael F.R. Harris, Esquire (I.D. No. 56948)
BAZELON LESS & FELDMAN, P.C.
1515 Market Street, Suite 700
Philadelphia, PA  19102
(215) 568-1155

Dated:  December 16, 2010

**POINT 1 – DEFAMATION**

Plaintiffs claim that defendants' publication of the pocket parts was defamatory.

A person liable for publishing a communication that is defamatory of another is responsible for all harm suffered by the person defamed as a result of that publication. The burden is on the plaintiff to prove the elements of a defamation claim, on which I will now instruct you, by a preponderance of the evidence.

A communication is any act by which a person brings an idea to another's attention. A communication may be made by speaking or by writing words or by another act or combination of acts that result in bringing an idea to an-other's attention.

A communication is defamatory if any portion of it tends to so harm the reputation of that person as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her. A communication that states or implies that a person has acted in a way that would be inconsistent with the proper, honest, and lawful performance of his or her job, profession, or office, or has a character that would make him or her unfit to properly, honestly, and lawfully perform his or her job, profession, or office, is defamatory.

Source:  Source:  Pa. SSJI (Civ.), § 13.08 (2009)

1

**POINT 2 - DEFAMATION – PLAINTIFFS' BURDEN OF PROOF**

In an action for defamation, the plaintiffs have the burden of proving:

(1) The communication's publication by the defendants;

(2) Its application to the plaintiffs;

(3) The understanding by the recipient of its defamatory meaning;

(4) The understanding by the recipient of it as intended to be applied to the plaintiffs; and

(5) The falsity of the publication.

Source:  42 Pa. C.S.A. § 8343

**POINT 3 - DEFAMATION – PUBLICATION**

A defendant is responsible for communicating a defamatory statement if the defendant personally communicated it or directed or participated in another's publication of the defamatory statement. The burden is on the plaintiffs to show that the defendant either personally published the communication or directed or participated in another's publication of the defamatory statement.

Source:  Pa. SSJI (Civ.), § 13.09 (2009)

**POINT 4 - DEFAMATION – IDENTIFICATION OF THE PLAINTIFFS**

It is not necessary for the plaintiffs to be specifically identified by name or official position for the communication to defame them. The plaintiffs may be defamed if the defendants intended the communication to refer to the plaintiffs, or if a description or reference tends to identify them. The plaintiffs also may be defamed where a recipient of the communication is familiar with the circumstances mentioned in the communication and recognizes that it concerns the plaintiffs. The burden is on the plaintiffs to show that a description or reference in the communication, or familiarity with the circumstances, would lead the recipients of the communication to reasonably understand it as referring to the plaintiffs.

Source:  Pa. SSJI (Civ.), § 13.10 (2009)

**POINT 5 - MEANING OF STATEMENTS**

It is your duty to determine whether the intended audience of the pocket part would likely conclude that the plaintiffs authored an inaccurate and out-of-date supplement to the treatise.

In making this determination, you should consider the message the communication would send to the intended audience of the pocket part. This means you should consider the innuendoes and implications of what was said, as well as inferences the intended audience of the pocket part would have drawn from what may not have been said. You should also consider the context in which the statement was made.

It is not necessary that the defamatory statement be the primary focus of the communication in order for the plaintiffs to succeed on their claim. The plaintiffs may recover on the basis of even a small portion of a communication, if it is defamatory. It is not a defense that that portion is not the primary focus of the communication or that other portions may be sympathetic to the plaintiffs.

Source:  Court's Order of December 8, 2010; Pa. SSJI (Civ.), § 13.08 (2009)

**POINT 6 - DEFAMATION – FALSITY**

A communication may be false either because it contains untrue or incomplete statements of fact or because its implication is untrue. The burden is on the plaintiff to prove that the communication was false.  The test for determining the truth or falsity of a defamatory statement is whether the alleged statement as published would have a different effect on the mind of the reader from that which the truth would have produced.  A defamatory statement is not true unless the truth is as broad as the defamatory imputation or sting of the statement.

Source:  Pa. SSJI (Civ.), § 13.12 (2009); *Dunlap v. Philadelphia Newspapers, Inc.*, 448 A.2d 6, 15 (Pa. Super. 1982); *Schiavone Constr. Co. v. Time, Inc.*, 847 F.2d 1069, 1084 (3d Cir. 1988); Robert D. Sack, I Sack on Defamation § 3.7 (3d Cir. 1999)

**POINT 7 – CONTRACT AS CONSENT TO DEFAMATION**

  Defendants claim that in the contracts between plaintiffs and defendants, plaintiffs consented to the statements at issue.  A plaintiff consents to the making of defamatory statements only if the plaintiff knows the exact language that the defendant will use in those statements or has reason to know that such language may be defamatory.

Source:  *PPG Industries, Inc. v. Zurawin*, 52 Fed. Appx. 570, 578 (3d Cir. 2002); Restatement (Second) of Torts § 583 (1977)

**POINT 8 -   DEFAMATION – DAMAGES**

A person liable for publishing a communication that is defamatory of another is responsible for all harm suffered by the person defamed as a result of that publication.

The plaintiffs are entitled to be fairly and adequately compensated for all harm they suffered as a result of the false and defamatory communication published by the defendants.

The injuries for which you may compensate the plaintiffs by an award of damages against the defendants include:

First, the actual harm to the plaintiffs' reputation that you find resulted from the defendants' conduct;

Second, the emotional distress, mental anguish, and humiliation that you find the plaintiffs suffered as a result of the defendants' conduct;

Third, any other special injuries that you find the plaintiffs suffered as a result of the defendants' act.

The motive and purpose of the defendants, their belief or knowledge of the falsity of the publication, and the conduct of the plaintiffs are not to be considered by you in determining the amount of the damages to which the plaintiffs are entitled for the above-stated items. Such factors are only important to the question of whether you will award punitive damages against the defendants and, if you choose to make such an award, the amount of the award.

Source:  Pa. SSJI (Civ.), §§ 13.08, 13.16 (2009)

**POINT 9 - DEFAMATION – PRESUMED DAMAGES**

If you find that the intended audience of the pocket part would likely conclude that the plaintiffs authored an inaccurate and out-of-date supplement to the treatise, and that defendants acted with actual malice, you may presume that the plaintiffs suffered both injury to their reputations and the emotional distress, mental anguish, and humiliation that would result from such a communication. This means you need not have proof that the plaintiffs suffered emotional distress, mental anguish, and humiliation in order to award them damages for such harm because such harm is presumed by the law.

In determining the amount of an award for such presumed injury to the plaintiffs' reputation and suffering of emotional distress, mental anguish, and humiliation by the plaintiffs, you may consider the character and previous general standing and reputation of the plaintiffs in their community. You may also consider the character of the defamatory communication that the defendants published, its area of dissemination, and the extent and duration of the publication. You may also take into account the defendants' unsuccessful assertion of the substantial truth of the defamatory communications as a matter likely to affect the plaintiffs' reputation.  You may also consider what probable effect the defendants' conduct had on the plaintiffs' trade, business, or profession, and the harm that may have been sustained by the plaintiffs as a result of that conduct.

Source:  Court's Order of December 8, 2010; Pa. SSJI (Civ.), § 13.16 (2009); *Corabi v. Curtis Publishing Co.*, 441 Pa. 432, 473, 273 A.2d 899, 919-20 (1971); *Frisk v. News Co.*, 361 Pa. Super. 536, 550, 523 A.2d 347, 354 (1986), *appeal denied*, 515 Pa. 614, 530 A.2d 867 (1987); *Sprague v. American Bar Ass'n*, 2001 WL 1450606, at * 2 n.6 (E.D. Pa. Nov. 14, 2001)

**POINT 10 - DEFAMATION – PLAINTIFFS NOT REQUIRED TO PROVE SPECIAL DAMAGES**


Plaintiffs are not required to prove that they suffered any actual out-of-pocket loss to recover damages for defamation.  Instead, plaintiffs may recover damages for harm to reputation and standing in the community, personal humiliation, and mental pain and suffering.  Such harm may be temporary in nature.


Source:  *Joseph v. Scranton Times L.P.*, 959 A.2d 322, 334 (Pa. Super. 2008), *appeal dismissed*, 603 Pa. 146, 982 A.2d 1223 (2009); *Brinich v. Jencka*, 757 A.2d 388, 398 (Pa. Super. 2000), *appeal denied*, 565 Pa. 634, 771 A.2d 1276 (2001); *Walker v. Grand Central Sanitation, Inc.*, 430 Pa. Super. 236, 242, 634 A.2d 237, 246 (1993), *appeal denied*, 539 Pa. 652, 651 A.2d 539 (1993); *Curran v. Philadelphia Newspapers, Inc.*, 376 Pa. Super. 508, 512 n.3, 546 A.2d 639, 640 n.3 (1988), *appeal denied*, 522 Pa. 576, 559 A.2d 37 (1989); *Dougherty v. Boyertown Times*, 377 Pa. Super. 462, 471, 547 A.2d 778, 782 (1988); *Agriss v. Roadway Express, Inc.*, 334 Pa. Super. 295, 324, 483 A.2d 456, 472 (1984); *Altoona Clay Prods., Inc. v. Dun & Bradstreet, Inc.*, 367 F.2d 625, 628 (3d Cir. 1996); *Marcone v. Penthouse Int'l Magazine for Men*, 754 F.2d 1072, 1080 (3d Cir.), *cert. denied*, 474 U.S. 864 (1985); *Sprague v. American Bar Association*, 276 F. Supp. 2d 365, 369-72 (E.D. Pa. 2003); *Clemente v. Espinosa*, 749 F. Supp. 672, 680-81 (E.D. Pa. 1990); *Caplan v. Fairchild Publications Corp.*, 1985 WL 4464, at * 2 (E.D. Pa. Dec. 13, 1985); Restatement (Second) of Torts §§ 569, 570, 621, 623 (1977); 4 Standard Pennsylvania Practice 2d § 23:132

**POINT 11 - DEFAMATION – PUNITIVE DAMAGES – ACTUAL MALICE**

If you do so find in favor of the plaintiffs and against the defendants, you must also determine, for the purpose of punitive damages of which I will later speak, whether the defendants acted intentionally or recklessly.

A person intentionally makes a defamatory communication when he or she knows that it is false.

A person recklessly publishes a defamatory communication when he or she does so with disregard for whether it is true or false, i.e., when he or she does so despite serious doubts about the truth of the communication or when he or she possesses a high degree of awareness of its probable falsity but publishes it anyway. Serious doubt and/or the possession of a high degree of awareness of probable falsity may be inferred from relevant circumstantial evidence of the state of mind of the person who published the defamation. Testimony by that person denying serious doubt and/or a high awareness of its probable falsity does not automatically defeat proof of recklessness, but rather is to be weighed with all the other evidence of that person's state of mind.

You may consider evidence that the defendant was put on notice that the communication was false, but refused to retract it, in deciding whether the defendant published the communication with knowledge of its falsity or with a reckless disregard for the truth.

You may consider evidence that the defendant republished the defamatory statement, after being notified of its falsity, in deciding whether the defendant published the communication with knowledge of its falsity or with a reckless disregard for the truth.

Source:  Pa. SSJI (Civ.), §§ 13.08A, 1315 (2009)

**POINT 12 - DEFAMATION – PUNITIVE DAMAGES – ACTUAL MALICE**

You may find that the defendants acted with "actual malice" if you determine that defendants purposefully avoided the truth.


Source:   *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 692-93 (1989); *Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 506-07 (E.D. Pa. 2010); *Medure v. Vindicator Printing Co.*, 273 F. Supp. 2d 588, 633 (W.D. Pa. 2002); *Medure v. New York Times Co.*, 60 F. Supp. 2d 477, 487 (W.D.Pa.1999)

**POINT 13 – DEFAMATION – DEFENDANTS' BELIEF IN TRUTH OF STATEMENTS**

Defendants are not entitled to a verdict in their favor merely because they testified that they published with a belief that the statements were true.  Instead, you the jury must determine whether the publication was indeed made in good faith.

Source:  *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968)

**POINT 14 - INVASION OF PRIVACY – FALSE LIGHT**

One who gives publicity to a matter concerning another person that places that other person before the public in a false light is responsible to that person for all harm suffered as a result of this publicity if

a. publicizing matter of this kind about a reasonable person would be highly offensive to that reasonable person.

b. the person giving the publicity acted with knowledge of the falsity of the matter or in reckless disregard of whether it was true or false.

Conduct that is highly offensive to a reasonable person is conduct that a reasonable person, in similar circumstances, would find very objectionable or that a reasonable person in similar circumstances could be expected to take with serious offense.

Publicity means that the matter is communicated to the public at large or to so many persons that the matter must be regarded as substantially certain to become public knowledge.

Source:  Pa. SSJI (Civ.), § 13.20 (2009); *Larsen v. Phila. Newspapers, Inc.*, 375 Pa. Super. 66, 81-82, 543 A.2d 1181, 1189, *appeal denied*, 520 Pa. 597, 552 A.2d 251 (1988); *Rush v. Phila. Newspapers, Inc.*, 732 A.2d 648, 654 (Pa. Super. 1999)

**POINT 15 - INVASION OF PRIVACY – DAMAGES**

Giving publicity to a matter concerning another person that places that other person before the public in a false light, as described in the preceding instruction, is deemed to be an invasion of privacy.

The plaintiffs are entitled to be fairly and adequately compensated for any injuries you believe they suffered as a result of the defendants' invasion of their privacy. The plaintiffs may recover damages for the following injuries:

1. the harm to their interest in privacy;

2. the mental distress suffered as a result of the invasion of their privacy;

3. any other injuries the plaintiffs have suffered as a result of the invasion of their privacy.

Source:  *Tagouma v. Investigative Consultant Services, Inc.*, 4 A.3d 170, 174 (Pa. Super. 2010); Pa. SSJI (Civ.), § 13.21 (2009)

**POINT 16 - PUNITIVE DAMAGES**

If you find that the conduct of the defendants was outrageous, you may award punitive damages, as well as any compensatory damages, in order to punish the defendants for their conduct and to deter the defendants and others from committing similar acts.

A person's conduct is outrageous when it is malicious, wanton, willful, or oppressive, or shows reckless indifference to the interests of others.

Source:  Pa. SSJI (Civ.), § 14.00 (2009)

**POINT 17 - DAMAGES – DEFENDANTS' UNSUCCESSFUL ASSERTION OF TRUTH DEFENSE**

Defendants have maintained that they are not liable for defamation because the statements at issue were true.  If you find that the defendants' statements were not true, you may consider the defendants' unsuccessful assertion of their truth to be a reiteration of the original defamation.  You may consider that as an aggravation of the damages suffered by the plaintiffs, and you may also consider that when considering whether to award punitive damages against the defendants.

Source:  *Will v. Press Pub. Co.*, 309 Pa. 539, 544, 164 A. 621, 623 (1932); *Bausewine v. Norristown Herald*, 351 Pa. 634, 647, 41 A.2d 736, 743 (1945); *Montgomery v. Dennison*, 363 Pa. 255, 267, 69 A.2d 520, 526-27 (1949)

**POINT 18 - PUNITIVE DAMAGES - DEFENDANTS' LACK OF REMORSE**

In considering whether to award punitive damages, you may consider whether the defendants have demonstrated a lack of remorse for their conduct.

Source:  *Kelvin Cryosystems, Inc. v. Lightnin, a Div. of SPX*, 2005 WL 2994693, at * 11 (E.D. Pa. Sept. 28, 2005), *aff'd*, 252 Fed. Appx. 469 (3d Cir. 2007)

**POINT 19 - PUNITIVE DAMAGES AGAINST A PRINCIPAL**

You may also award punitive damages against defendants, if you find that the actions of defendants' employee or employees

First, were outrageous;

Second, occurred during and within the scope of their duties; and

Third, were not committed to satisfy the employee's personal ill will or malice, but instead were committed with the intent to further defendants' interests.

Source:  Pa. SSJI (Civ.), § 14.01 (2009)

**POINT 20 - CORPORATE LIABILITY FOR PUNITIVE DAMAGES BASED ON ACTS OF AN EMPLOYEE**

A corporation may be held liable for punitive damages based entirely on the acts of its employee, even without any direct evidence of misconduct by the employer. You may award punitive damages against the employer even if the employer did not direct the employee to commit the tortious acts, and even if the employer did not ratify the tortious acts of the employee.

Source: *Shiner v. Moriarty*, 706 A.2d 1228, 1240 (Pa. Super.), *appeal denied*, 729 A.2d 1130 (Pa. 1998); *Dean Witter Reynolds, Inc. v. Genteel*, 499 A.2d 637, 643 (Pa. Super. 1985); *Dillow v. Myers*, 916 A.2d 698, 703 (Pa. Super. 2007)

**POINT 21 - PUNITIVE DAMAGES – AMOUNT OF AWARD**

If you decide that the plaintiffs are entitled to an award of punitive damages, it is your job to fix the amount of such damages. In doing so, you may consider any or all of the following factors:

1. the character of the defendants' act,

2. the nature and extent of the harm to the plaintiffs that the defendants caused or intended to cause; in this regard you may include the plaintiffs' trouble and expense in seeking to protect their interests in legal proceedings and in this suit,

3. the wealth of the defendants insofar as it is relevant in fixing an amount that will punish them and deter them and others from like conduct in the future.

It is not necessary that you award compensatory damages to the plaintiffs in order to assess punitive damages against the defendants, as long as you find in favor of the plaintiffs and against the defendants on the question of liability.

You must determine whether punitive damages are to be assessed against each defendant by that defendant's conduct alone, and the amount of any punitive damages assessed must be measured by your consideration of the factors I have listed as they apply to each particular defendant. While you will return your award of compensatory damages, if any, in one lump sum amount as to all defendants, you must return a separate verdict as to punitive damages, if any, against each of the defendants.

The amount of punitive damages awarded must not be the result of passion or prejudice against the defendants on the part of the jury. The sole purpose of punitive damages is to punish the defendants' outrageous conduct and to deter the defendants and others from similar acts.

Source:  Pa. SSJI (Civ.), § 14.02 (2009); *Kirkbride v. Lisbon Contractors, Inc.*, 521 Pa. 97, 101-02, 555 A.2d 800, 802-03 (1989); *Rhoads v. Heberling*, 306 Pa. Super. 35, 44, 451 A.2d 1378, 1383 (1982); *Laniecki v. Polish Army Veterans Ass'n of Lucyan Chwalkowski*, 331 Pa. Super. 413, 480 A.2d 1101 (1984); *Daley v. John Wanamaker, Inc.*, 317 Pa. Super. 348, 464 A.2d 355 (1983)

**POINT 22 - DEPOSITION TESTIMONY**

You have heard the deposition testimony of certain witnesses.  Deposition testimony is entitled to the same consideration as if the witness testified in court.

Source:  Pa. SSJI (Civ.), § 2.05 (2009)

**POINT 23 - NO NEGATIVE INFERENCE FROM CONSULTATION WITH COUNSEL**

There has been testimony in this case about the fact that the plaintiffs contacted a lawyer after learning about the 2008-2009 Treatise.  I instruct you that you should not draw any negative inference from the fact that the plaintiffs sought legal advice prior to contacting West.

## *CERTIFICATE OF SERVICE*

I hereby certify that on this 16th day of December, 2010, I served a true and correct copy of the foregoing Plaintiffs' Revised Proposed Jury Instructions upon the following counsel for defendants, as follows:

*via the Court's Electronic Case Filing system:*

Matthew J. Borger, Esquire
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 South Broad Street
Philadelphia, PA  19102

*via electronic mail:*

James Rittinger, Esquire
Aaron Zeisler, Esquire
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, Suite 1130
New York, NY  10169

 *s/ Noah H. Charlson*
Noah H. Charlson, Esquire