IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID RUDOVSKY and LEONARD SOSNOV | : : : | CIVIL ACTION |
| v. | : : | |
| WEST PUBLISHING CORPORATION, WEST SERVICES INC., and THOMSON LEGAL AND REGULATORY INC. t/a THOMSON WEST | : : : : | NO. 09-cv-00727-JF |

MEMORANDUM

Fullam, Sr. J.                                                            April 13, 2011

      Plaintiffs have filed a motion for (partial) reconsideration of this Court's Order dated March 30, 2011, which required plaintiffs either to agree to a remittitur of the punitive damage award, or face a new trial. According to the plaintiffs, since the reduction was predicated upon the Court's belief that the jury's punitive damage award exceeded permissible constitutional limits (rather than being based on a purported lack of evidence), the Court should have simply entered a judgment in the reduced amount. The net effect would be that either side could appeal the judgment. I agree that this would have been the favorable course, and will grant the motion for reconsideration.

      It should be noted, however, that much of the plaintiffs' argument is based upon a misapprehension of the Court's reasoning. In stating that the jury's excessive award "may have been too much influenced by the net worth of the defendants," I did not mean to suggest that the net worth of the

defendants should not have been considered. The intent was to suggest that the parties may have made too much of an issue of the defendants' net worth. As I thought I had made clear, the reduction in the punitive damage award was entirely based upon my perception that, in the circumstances of this case, a total punitive damage award of $5 million could not possibly be squared with constitutional limits, and that the permissible maximum was $110,000 for each plaintiff.

Defendants' Motion for Reconsideration (filed April 12, 2011) will be dismissed as moot. An Order follows.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.